The UNITED STATES POSTAL SERVICE, Individually and on Behalf of Deville Corporation, a/k/a Deville Development Company, Plaintiff,

v.

The BRAZOS COUNTY APPRAISAL DISTRICT, et al., Defendants.

Civ. A. No. H–88–3187.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 16, 1988.

Samuel G. Longoria (Lead Counsel), Jack Shepherd and Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff.

Adrian M. Overstreet and Stephen W. Sather, Overstreet, Winn & Edwards, P.C., Austin, Tex., for defendants.

ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Defendants' motion to dismiss the above cause of action. For the reasons set forth below the Court is of the opinion the motion should be denied.

The United States Postal Service leases a building owned by the Deville Development Company. As part of the lease the United States is to pay the real estate taxes. According to the tax rider clause the lessor has the right to contest the assessment of any general real estate taxes by appropriate legal proceedings. The Brazos County Appraisal District is responsible for appraising the property for tax purposes. The Postal Service has alleged the appraisal on this property is inflated and federal funds are being used to pay excessive taxes.

In their motion to dismiss Defendants contend the United States lacks standing to bring this suit because it does not own the land. They also argue this Court lacks subject matter jurisdiction due to the Anti–Injunction Statute. Finally, if this Court concludes it has jurisdiction, Defendants believe it should abstain since the case deals with state taxes. When evaluating a motion to dismiss, the Court must assume everything in the Plaintiff's complaint is true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

It is undisputed that the United States Postal Service is an agency of the United States. Any property right acquired by the Postal Service becomes a property right of the United States. A leasehold interest is an interest in real estate for a prescribed period of time. *State National Bank of El Paso v. United States*, 509 F.2d 832, 835 (5th Cir.1975). A leasehold interest of the United States is not taxable, therefore, the Defendant may only tax the landlord's interest. *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir.1982) citing *McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819). Plaintiff has alleged the leasehold estate owned by the United States is included in the appraised value and consequently the Defendants' appraisals are based on the total property value. Therefore, they conclude the tax is in conflict with the Constitution and there is a possibility federal funds are being used to overpay the taxing authorities. *United States v. County of Fresno*, 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977).

This Court has original jurisdiction over all civil actions commenced by the United States or any agency or officer thereof. 28 U.S.C. § 1345. Although the tax appraisal that is in dispute was not assessed directly against the United States it is the opinion of this Court that Plaintiff is the real party in interest and has standing to bring this lawsuit. *See City of New Orleans v. United States*, 371 F.2d 21 (5th Cir.1967).

In *Dawson v. Childs*, 665 F.2d 705 (5th Cir.1982) the United States sought a declaratory judgment that certain property was not subject to taxation. The Fifth Circuit held that a claim that property was not subject to taxation while owned by the United States "presents a justiciable federal case or controversy." *Id.* at 710. The Court went on to say that the purpose of Section 1341 *"does not act as a restriction upon suits by the United States* to protect itself and its instrumentalities from unconstitutional state exactions." *Id.* (citations omitted). Therefore it is clear that the Anti–Injunction Act does not apply to the United States and that federal courts have exclusive jurisdiction over the alleged unconstitutional state taxation of federal property. *See Moe v. Kootenai Tubes of Flathead Reservation*, 425 U.S. 463, 470, 96 S.Ct. 1634, 1639, 48 L.Ed.2d 96 (1976); *Department of Employment v. United States*, 385 U.S. 355, 357–8, 87 S.Ct. 464, 466–67, 17 L.Ed.2d 414 (1966).

The Defendant has asked that if this Court finds it has jurisdiction, that it abstain pursuant to the Burford Doctrine. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). According to this doctrine, when a federal court is

faced with difficult questions of state law whose importance to the state transcends the result in the case before the federal court, that court should abstain. The abstention doctrine does not apply to this case because the state taxation of federal property is a federal law issue. *United States v. Anderson County, Tennessee,* 705 F.2d 184, 188 (6th Cir.1983), *cert. denied,* 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 722 (1984); *Dawson v. Childs, supra.* Therefore, the Court finds that to abstain would be an abuse of discretion. Accordingly it is

ORDERED that Defendants' motion to dismiss or to abstain is DENIED. It is further

ORDERED that Plaintiffs' motion for leave to file an amended complaint is GRANTED.

A pretrial conference has been set in this case for February 23, 1989 at 9:00 a.m. in Room No. 11535, United States Courthouse, 515 Rusk, Houston, Texas.

IT IS SO ORDERED.