**DALLAS CENTRAL APPRAISAL DISTRICT, and Dallas County Appraisal Review Board, Appellants,**

v.

**JAGEE CORPORATION, and E. Hoyle Graham, Appellees.**

**No. 05–90–01057–CV.**

Court of Appeals of Texas, Dallas.

April 24, 1991.

Rehearing Denied June 19, 1991.

---

**50**

Peter G. Smith, Dallas, for appellants.

John Brusniak, Jr., Dallas, for appellees.

Before ENOCH, C.J., and WHITHAM and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

In this ad valorem tax case, the parties stipulated the facts and the trial court entered judgment in favor of Jagee Corporation and E. Hoyle Graham (sometimes referred to collectively as "Jagee") and against the Dallas Central Appraisal District and the Dallas County Appraisal Review Board (the Appraisal District). The Attorney General of Texas intervened because Jagee had attacked the constitutionality of section 25.06 of the Texas Tax Code. The trial court rendered judgment that the 1988 and 1989 appraised market value of Jagee's property was $4,135,000 and the market value of Graham's property was $1,750,000. The Appraisal District complains that the fair value of Jagee's property was $6,207,780 and Graham's, $2,870,270. We reverse the trial court's judgment and render judgment that the values urged by the Appraisal District are the correct appraised values.

### FACTS

Both appellees own strip shopping centers in Dallas County. K–Mart is the primary tenant in each center. K–Mart leased Jagee's property on December 21, 1970, from Jagee's predecessor in title. The K–Mart initial lease expires in 1995, but K–Mart then has four five-year options to renew the lease on its present terms. K–Mart leased Graham's property on August 30, 1965. When K–Mart's initial lease on Graham's property expired on August 31, 1986, K–Mart exercised the first of its three five-year options to renew the lease.

K–Mart is not obligated under its lease to pay the 1988 and 1989 ad valorem taxes on either piece of real property. Although both leases initially provided fair market rental income to the owners, both became undermarket leases and were so January 1, 1988, and January 1, 1989, while the market rental prices for comparable lease properties had increased. The parties stipulated the variable values of both pieces of property as of January 1, 1988 and 1989 as follows:

(1) The market value of a fee simple estate in the Jagee property was $6,207,-780. The value of Jagee's property if it were not subject to leases or if it were subject to leases at current market rental rates was $6,207,780.

(2) The market value of the leased fee estate in the Jagee property was $4,135,-000. The market value of K–Mart's leasehold estate was $2,072,780.

(3) The market value of a fee simple estate in the Graham property was $2,870,270. The value of Graham's property if it were not subject to leases or if it were subject to leases at current market rental rates was $2,870,270.

(4) The market value of the leased fee estate in the Graham property was $1,750,000. The market value of K–Mart's leasehold estate was $1,120,270.[1]

The Dallas County Appraisal Review Board issued orders determining the 1988 and 1989 appraised values of the Jagee and Graham properties at $6,207,780 and $2,870,270 respectively. The parties submitted the case upon an Agreed Stipulation of Facts which raised the issue of the correct method of determining the market value of leased real estate for ad valorem tax purposes. The trial court entered judgment that the properties' appraised values were $4,135,000 and $1,750,000 respectively.

The Appraisal District now complains in fifteen points of error that the trial court erred in considering the existing unfavorable K–Mart leases in arriving at the fair market value and the appraised value of the properties. We agree.

## STANDARD OF REVIEW

■ This case was submitted to the trial court solely upon stipulations of fact and cross-motions for judgment. This Court's review of a case tried on an agreed statement of facts is limited to the sole issue of the correctness of the application of the law to those admitted facts. *Sharyland Water Supply Corp. v. Hidalgo County Appraisal Dist.*, 783 S.W.2d 297, 298 (Tex. App.—Corpus Christi 1990), *aff'd sub nom. North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex.1991); *Southern Pac. Transp. Co. v. Oscar Perez Forwarding Co.*, 712 S.W.2d 596, 596 (Tex.App.—Corpus Christi 1986, no writ). We are without authority "to draw any inference or find any fact not embraced in the agreement unless as a matter of law such further inference or fact is necessarily compelled by the agreed upon evidentiary facts." *Lawler v. Lomas & Nettleton Mortgage Investors*, 691 S.W.2d 593, 595 (Tex.1985) (citation omitted).

## VALUATION OF PROPERTY

■ The applicable law is that a leasehold estate is a real estate interest and the Texas Tax Code controls. The issue here is *who* pays the taxes on the leasehold estates. The Appraisal District argues that Jagee and Graham should pay taxes on the full value of the property. Jagee and Graham argue that a leasehold estate in land is a separate estate not owned by them and for which they should not be liable.

■ A lessor, not a lessee, is responsible for taxes on the full value of the property. *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 875 (Tex. 1990); *Daugherty v. Thompson*, 71 Tex. 192, 9 S.W. 99, 101 (1888); *Martin v. City of Mesquite*, 590 S.W.2d 793, 798 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). "The lessor's interests in the property are not just the future right to receive the property back at the end of term, but the present right to receive income in the form of rent." *Cherokee*, 801 S.W.2d at 875.

In *Cherokee*, the Supreme Court considered the Texas Tax Code in determining that the landowner is responsible for the taxes when real property is subject to a lease:

| | JAGEE | GRAHAM |
|---|---|---|
| Leasehold estate (Owned by K–Mart) | $2,072,780 | $1,120,270 |
| Fee Simple (Value Claimed by DCAD) | $6,207,780 | $2,870,270 |

1. The stipulations can be charted as follows:

| | JAGEE | GRAHAM |
|---|---|---|
| Leased fee (Market Value) | $4,135,000 | $1,750,000 |

[W]e look to the language and structure of the property tax provisions for guidance. While the code goes into specific detail in providing for the taxation of leases in special situations, it does not provide a mechanism for taxing, assessing, and collecting on the vast majority of leases. Given the fact that the Tax Code specifically mentions those instances where the lessee's name is to be carried on the property rolls for tax purposes and that Cherokee's land is not exempt from taxation, Cherokee, as owner of the land, is responsible for payment of the taxes.[2]

*Cherokee,* 801 S.W.2d at 876.

Here, the name "Jagee" can be substituted for "Cherokee" in the above passage. Since the properties in issue are not exempt from taxation, the owners of the land are responsible for payment of the ad valorem taxes and the lessors are responsible for taxes on the *full value* of the properties. The parties having stipulated that the market value of Jagee's property without the impact of the unfavorable lease is $6,207,-780 and Graham's, $2,870,270, such are their liabilities for ad valorem taxes.

## CONSTITUTIONALITY OF STATUTE

By a cross-point of error, Jagee and Graham argue that section 25.06 of the Texas Tax Code violates the ownership and equal taxation requirements of the Texas Constitution by taxing them on property (the leasehold estate) that they do own. The Constitution states: "All real property and tangible personal property in this State ... owned by natural persons or corporations ... shall be taxed." TEX. CONST. art. VIII, § 1. "[A]ll lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer." TEX. CONST. art. VIII, § 11. "[A] property owner [must] be given notice of a revaluation of his proper-

ty, and a reasonable estimate of the amount of taxes that would be imposed on his property." TEX. CONST. art VIII, § 21(c). The Appraisal District argues that since the leasehold derives from and is part of the fee estate, Jagee and Graham are not being taxed on property they do not own.

In considering a similar argument regarding taxation on property one did not own, the court of appeals which first decided *Cherokee* resolved that issue by saying:

> Cherokee owns a fee simple estate in the entire property subject to the leaseholds of the lot owners.... Except for a narrow exception in the case of real property exempt from taxation, the leasehold is not independently taxed under Texas law, but its value is *subsumed* within the value of the fee simple estate and taxed entirely to the owner of the fee.

*Cherokee Water Co. v. Gregg County Appraisal Dist.,* 773 S.W.2d 949, 955 (Tex. App.—Tyler 1989), *aff'd,* 801 S.W.2d 872 (1990) (emphasis added).

The cases Jagee cites as "instructive" are distinguishable from our case *sub judice.* The first case concerns *mineral rights* that are severable from the fee estate. *Bashara v. Saratoga I.S.D.,* 139 Tex. 532, 163 S.W.2d 631 (1942). The second case concerns the constitutionality of the appraisal of real property devoted to a special treatment use of "recreational, park, and scenic land" pursuant to section 23.81 of the Texas Tax Code. *Tarrant County Appraisal District v. Colonial Country Club,* 767 S.W.2d 230 (Tex.App.—Fort Worth 1989, writ denied) (entitlement to special valuation). The governmental policies dealt with in those cases have no application here.

By being taxed on the leasehold, Jagee is being taxed on the value of a leasehold that is subsumed within the value of the fee simple it owns. It is not being taxed on

---

**2.** Section 25.06 of the Texas Tax Code reads: "Except as provided by Sections 25.07 and 25.15 of this code, property encumbered by a leasehold ... shall be listed in the name of the owner of the property so encumbered." TEX.TAX CODE ANN. § 25.06 (Vernon 1982). Here, Jagee is the owner of the property. No one has said that section 25.07 of the Texas Tax Code regarding *exempt* property applies to this case. Section 25.07 requires "property exempt from taxation ... be listed in the name of the owner of the possessory interest if the duration of the interest may be at least one year." TEX.TAX CODE ANN. § 25.07(a) (Vernon 1982).

property it does not own. The value of the entire fee necessarily contains the lesser value of the leasehold that it includes. The parties to a lease may take into account the lessor's tax liability when negotiating the lease. *A.J. Robbins & Co. v. Roberts,* 610 S.W.2d 854, 856 (Tex.App.—Amarillo 1980, writ ref'd n.r.e.). Additionally, the Appraisal District appraises property and administers exemptions. Assessing or collecting ad valorem taxes is the function of the taxing unit, not of the Appraisal District. Therefore, the Appraisal District is not subjecting Jagee to taxation on property it does not own. We overrule Jagee's cross-point.

This case does not include a stipulation that the Appraisal District considers above-market leases in arriving at the fair value to the fee owner and is to be distinguished from any case containing such a stipulation.

We reverse the judgment of the trial court and render judgment that the 1988 and 1989 correct appraised market value for Jagee Corporation's property is $6,207,-780 and for E. Hoyle Graham's property is $2,870,270.