857 S.W.2d 892 (1993)
UNITED STATES POSTAL SERVICE, et al., Appellants,
v.
DALLAS COUNTY APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.
No. 05-92-00524-CV.
Court of Appeals of Texas, Dallas.
May 25, 1993.
Rehearing Denied July 5, 1993.
John E. Collins, Dallas, for appellants.
Mike M. Tabor, David A. Scott, Dallas, for appellees.
Before THOMAS, MALONEY and KAPLAN,[1] JJ.

*893 OPINION
MALONEY, Justice.
The United States Postal Service and ten of its lessors (collectively postal service) sued the Dallas County Appraisal District and the Dallas County Appraisal Review Board (collectively the appraisal district) over its taxation of the postal service's leasehold interest. The trial court found that the appraisal district could tax the lessors, as sole owners, on the full fee simple value. Because we find the postal service's leasehold interest is exempt from taxation and the appraisal district did not consider the postal service's leaseholds in appraising the properties, we reverse the trial court's judgment.

FACTUAL BACKGROUND
The postal service leased the properties for twenty years. The leases contained six five-year options to renew.
The appraisal district assessed all property taxes against the lessors. The postal service and its lessors sued the appraisal district claiming that because the postal service is a federal entity, its leasehold interests are exempt from taxation.
The trial court adopted and incorporated "all matters of fact stated in Stipulations of Fact 1-35." The parties stipulated: to the market values of the leased fee estates, the leasehold estates, and the fee simple estates;[2] that the appraisal district did not independently appraise the leaseholds; that "[l]ease clauses can influence property value;" and that the postal service's rents were "below market."

APPRAISED VALUES
The postal service contends the district's appraisal methods are unconstitutional because the appraisal district appraises property as if the property was not subject to any leases, or as if it was subject to leases with current market rental rates. They argue that this practice penalizes prudent lessees who negotiate favorable long-term leases. The postal service claims the appraisal district's practice violates article VIII, section 20 of the Texas Constitution because it ignores the fair cash market value of the lessor's fee simple interest.[3]
The appraisal district counters that the postal service waived its right to appeal this issue by entering into stipulation number twenty-seven. At trial, the postal service contended that "even if the Court does not find as [sic] property interest is exempt, then it's our position that the fair cash market value of the properties represents the leased fee values which have also been stipulated, if it please the Court, in stipulation number 27." Stipulation number twenty-seven provides:
27. The market values of the fee simple estate in the properties as of January 1, 1990 and January 1, 1991 are listed in Column C following paragraph 27 below. The market value of the properties as of January 1, 1990 and January 1, 1991, if they were not subject to any leases, or if they were subject to leases at current market rental rates, are listed in Column C below. The figures in Column C represent what willing buyers would have paid willing sellers for the properties in a sale consistent with the terms of TEX.PROP.TAX CODE § 1.04(7) if the properties were not subject to any leases or if they were subject to leases at current market rates.

Owner-Station/ Column A Column B Column C
Account Number Leased Fee Leasehold Fee Simple

* * * *
(Emphasis added.)
The postal service also stipulated that "if the properties were not subject to any leases or if they were subject to leases at current market rates," the valuations were *894 correct. (Emphasis added.) It did not agree that the properties should be valued as if they were not subject to any lease or if subject to leases at current market rates. See First Nat'l Bank v. Kinabrew, 589 S.W.2d 137, 143 (Tex.Civ.App.-Tyler 1979, writ ref'd n.r.e.). Nor did it stipulate that the methods the appraisal district used to determine these values were constitutional or consistent with state tax law. We hold the postal service only to the facts to which it specifically agreed.

EXEMPTION
In its first point of error, the postal service contends that the trial court erred in entering judgment for the appraisal district because the postal service's leasehold interests are exempt from taxation. In its second point of error, it maintains that assessment of taxes against the properties in question imposes a tax on the United States Postal Service. In its third point of error, it argues the trial court erred in determining its leaseholds are not exempt under the United States Constitution, the Texas Constitution, and both state and federal law.
The postal service challenges only the tax assessment on the value of its leasehold interest. Under its challenge, the property owner by law, and the postal service by contract, would still be liable for taxes on the leased fee (column A in Stipulation twenty-seven). The postal service argues that the appraisal district should refund the taxes attributable to its leasehold interests. See United States v. State Tax Comm'n, 645 F.2d 4, 5 (5th Cir. Unit A May), cert. denied, 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981).

a. Applicable Law
State and local entities cannot directly tax federal property. M'Culloch v. Maryland, 17 U.S. (4 Wheat) 316 (1819), 4 L.Ed. 579. Texas tax law exempts all property belonging to the United States. See Tex.Tax Code Ann. § 11.12 (Vernon 1992); Dawson v. Childs, 665 F.2d 705, 711 (5th Cir. Unit A 1982). Section 11.12 does not distinguish between different types of property. Dawson, 665 F.2d at 711. If federal law exempts certain properties from ad valorem taxes, Texas law exempts them. TEX.TAX.CODE ANN. § 11.12 (emphasis added).
"A leasehold interest of the United States is not taxable, therefore, the [local appraisal district] may only tax the landlord's interest." United States Postal Serv. v. Brazos County Appraisal Dist., 736 F.Supp. 735, 736 (S.D.Tex.1988). If the federal government owns the fee but leases its property to a private entity, the local governmental entity taxes the private leaseholder's interest. Tex.Tax Code Ann. §§ 25.06, 25.07 (Vernon 1992). By taxing the leasehold, the local entity's tax "falls neither on the Federal Government nor on federal property." United States v. County of Fresno, 429 U.S. 452, 464, 97 S.Ct. 699, 705, 50 L.Ed.2d 683 (1977); see United States v. City of Detroit, 355 U.S. 466, 470, 475, 78 S.Ct. 474, 476, 479, 2 L.Ed.2d 424 (1958).
Texas courts hold that a leasehold is a taxable estate because a leasehold grants "an estate in land for a limited time." Holcombe v. Lorino, 124 Tex. 446, 454, 79 S.W.2d 307, 310 (1935); see Citizens Bank & Trust Co. v. Wy-Tex Livestock Co., 611 S.W.2d 168, 171 (Tex.Civ.App.-Amarillo 1981, writ ref'd n.r.e.); accord State Nat'l Bank v. United States, 509 F.2d 832, 835 (5th Cir.1975). Leaseholds have a determinable value. See Alamo Land & Cattle Co. v. Arizona, 424 U.S. 295, 303, 96 S.Ct. 910, 913, 47 L.Ed.2d 1 (1976).

b. Application of Law to Facts
The Texas Tax Code exempts all property owned by the United States government and all property that federal law exempts. Federal case law exempts leasehold interests owned by the United States government. Texas courts recognize leasehold interests as property.
The appraisal district argues that Dallas Central Appraisal District v. Jagee Corp., 812 S.W.2d 49 (Tex.App.-Dallas 1991, writ denied), controls this case. In Jagee, the *895 lessor argued that a leasehold is a separate estate in land owned by the lessee. Therefore, a lessor should not be liable for taxes on the leasehold interest. This Court held that Jagee was "taxed on the value of a leasehold that [wa]s subsumed within the value of the fee simple it owns. It [wa]s not being taxed on property it does not own. The value of the entire fee necessarily contains the lesser value of the leasehold that it includes." Id. at 52-53. The leasehold in Jagee was not tax exempt.
Texas law treats the leasehold differently when a tax-exempt entity owns the fee simple. Compare Tex.Tax Code Ann. § 25.06 with § 25.07. We perceive no reason why Texas law should not treat the leasehold differently when a tax-exempt entity owns the leasehold. Therefore, Jagee is distinguishable and not controlling.
Under Texas law, the postal service's leasehold interests are exempt from taxes. Because the leasehold is tax exempt, the appraisal district can tax the lessors only on the leased fee. We need not reach the constitutionality of the appraisal district's practice in appraising properties because we resolve this issue under state statutory law. See City of San Antonio v. Schautteet, 706 S.W.2d 103, 105 (Tex.1986) (courts of appeals should not address a constitutional challenge when other grounds exist upon which the court could decide the case).
We sustain the postal service's points of error numbers one and three. Because of our disposition of points of error numbers one and three, we need not address its second point of error.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
In point of error number seven, the postal service claims that the evidence is legally and factually insufficient to support conclusions of law numbers two through seven and finding of fact number two. The postal service argues that neither party disputes that the "leased fee" value[4] represents the most probable selling price. In points of error numbers four, five, and six, the postal service contends the trial court erred in concluding that: (1) the lessors were responsible for taxes on the full fee simple, (2) the leasehold was subsumed within the market value of the full fee simple, and (3) the leasehold was not a separate estate for appraisal purposes.
The appraisal district argues that because the postal service did not brief its sufficiency claims regarding the conclusions of laws, it waived any error in those conclusions of law. The appraisal district maintains that because the postal service only briefed legal sufficiency on finding of fact number two, it waived any factual insufficiency claim on that finding.

WAIVER
Appellant's argument "shall include... discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." TEX. R.APP.P. 74(f). Failure to brief a point of error waives appellate review of that point of error. La Sara Grain Co. v. First Nat'l Bank, 673 S.W.2d 558, 568 (Tex.1984) (op. on reh'g); see also Honeywell Inc. v. Imperial Condominium Ass'n, 716 S.W.2d 75, 82 (Tex.App.-Dallas 1986, no writ). A party preserves nothing for review if it does not cite authority or argue the facts in the record. Essex Crane Rental Corp. v. Striland Constr. Co., 753 S.W.2d 751, 756 (Tex.App.-Dallas 1988, writ denied). We, however, construe briefing rules liberally. See Tex.R.App.P. 74(p).
Although the postal service cites no authority under its seventh point of error, we find the postal service substantially complied with the briefing rules for its legal sufficiency challenge. The postal service cited its authority for the legal sufficiency standard of review in the brief's beginning. It then grouped its arguments by subject matter. In grouping its arguments, the postal service discussed elsewhere in its brief the facts and authorities it relied upon in questioning the legal sufficiency for finding of fact number two. See *896 Tex.R.App.P. 74(f); Weaver v. Southwest Nat'l Bank, 813 S.W.2d 481, 482 (Tex. 1991). The postal service did not brief its factual insufficiency challenge in any of its grouped briefing points. Because of this briefing failure, we only address the legal sufficiency challenge.

1. Findings of Fact

a. Legal Sufficiency
In evaluating the legal insufficiency of the evidence, we use the same standard for a bench trial as for a jury trial. Okon v. Levy, 612 S.W.2d 938, 941 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). We consider only the evidence and inferences, viewed in their most favorable light, that support the challenged finding and disregard all contrary evidence and inferences. Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex.1987). We sustain a no-evidence point only when the record discloses one or more of the following:
(1) a complete absence of evidence of a vital fact,
(2) rules of law or evidence bar consideration of the only evidence offered to prove the vital fact,
(3) the evidence offered to prove the vital fact is no more than a mere scintilla, or
(4) the evidence conclusively establishes the opposite of the vital fact.
Anderson v. City of Seven Points, 806 S.W.2d 791, 795 n. 3 (Tex.1991). Evidence that creates a mere surmise or suspicion of the existence of a fact is no more than a scintilla and has no legal effect. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

b. Application of Law to the Facts
In finding of fact number two, the trial court found that the fee simple figures stipulated by the parties represented the "appraised values required by law." The appraisal district appraiser testified that it appraised properties according to Texas law. Texas law requires property to be appraised based on its fair market value. See TEX. CONST. art. VIII, § 11 (its fair value); TEX.TAX CODE ANN. § 23.01 (Vernon 1992) (the property's market value).
The trial court also found "that the figures in Column A [leased fee values] represent the most probable selling price for the properties at issue in this suit." We agree with the trial court's finding that the only reasonable inference from the evidence is that the market value of the property with the leases encumbering it represents the most probable selling price.
Viewing the evidence in the light most favorable to the verdict and disregarding any contrary evidence and inferences, reasonable minds could not differ on whether the fee simple value represents the appraised values required by law. The evidence dictates that the fair market value, or what the property would sell for on the open market, would be the leased fee value.
We find the evidence legally insufficient to support the trial court's finding of fact number two.

2. Conclusions of Law

a. Applicable Law
We review conclusions of law, not for sufficiency of the evidence, but when they are attacked as a matter of law. Kinabrew, 589 S.W.2d at 146. This Court has the duty to independently evaluate conclusions of law. MJR Corp. v. B & B Vending Co., 760 S.W.2d 4, 10 (Tex.App.-Dallas 1988, writ denied). We review the legal conclusions drawn from the facts found to determine their correctness. Mercer v. Bludworth, 715 S.W.2d 693, 697 (Tex. App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.).

b. Application of Law to Facts
The trial court concluded that the appraised values[5] for the fee simple estate represented the appraised value required by law, and that Jagee controlled. The trial court further concluded, "The properties *897 at issue in this suit are not owned by the United States Postal Service; no portion of the properties at issue in this suit is exempt from ad valorem taxation; and the assessment on the properties at issue in this suit does not impose taxes upon the United States Postal Service."
Conclusion of law number two concluded that figures in column C of stipulation twenty-seven (the market values) are the appraisals required "by law" and Jagee. See Jagee, 812 S.W.2d at 52-53. We have already distinguished Jagee because it did not involve tax-exempt properties.[6] Because we found the evidence insufficient to support the trial court's finding that column C was the appraised value required by law, finding of fact number two cannot support conclusion of law number two.
Conclusion of law number three concluded that the postal service did not own the properties in question, no portion of the properties was exempt from taxation, and no taxes were imposed upon the postal service. We have already held that the postal service's leaseholds were exempt from taxation. The trial court's conclusion that no portion of the properties was exempt was erroneous as a matter of law.
Conclusion of law number four concluded that the lessors are the sole owners and are responsible for taxes on the full fee simple "not withstanding the fact that" the postal service contracted to pay ad valorem taxes. We agree that the lessors are the sole owners, but we recognize that the leaseholds encumber their ownership. The appraisal district must take into consideration individual characteristics in appraising property.[7] Accordingly, we have already held that the proper valuation is the "leased fee." Therefore, we now hold that these owners are not responsible for taxes on the full fee simple.
Conclusion of law number five concluded that the value of each full fee simple contains all of the property owner's rights and benefits, including the right to receive rental income and to receive possession of the property at the end of the lease term. This conclusion assumes that the leasehold estate is subsumed within the market value of the full fee simple and is not a separate estate for tax purposes. We have already held the leasehold exempt from taxation.[8] We now hold that an exempt leasehold is a separate estate for taxation purposes.

ATTORNEY'S FEES
In its sixth point of error, the postal service contends that trial court erred in not awarding it attorney's fees under section 42.29 of the Tax Code.

1. Applicable Law
A taxpayer who prevails in alleging excessive or unequal appraisal may be awarded reasonable attorney's fees. TEX. TAX CODE ANN. § 42.29 (Vernon 1992) (emphasis added). The taxpayer must show that the appraised property value "according to the appraisal roll exceeds the appraised value required by law," or that the appraised value of his property varies at least ten percent from its value calculated on the basis of the median level of appraisal. Tex.Tax Code Ann. §§ 42.25 (required by law), 42.26 (ten percent).
2. Application of Law to the Facts
The trial court concluded that the postal service, as a nonprevailing party under sections 42.25 or 42.26, was not entitled to attorney's fees under section 42.29. Because the postal service prevails under section 42.25 or 42.26, it may be entitled to recover attorney's fees under section 42.29. We sustain appellant's point of error number six.

CONCLUSION
Because the trial court erred in its legal conclusions, we reverse the trial court's judgment and render the judgment the trial court should have entered. Janes v. Commerce *898 Fed. Sav. & Loan Ass'n, 639 S.W.2d 490, 491 (Tex.App.-Texarkana 1982, writ ref'd n.r.e.). We find the postal service's leaseholds exempt from taxation. The postal service shall recover from the appraisal district any taxes it paid to the appraisal district that would exceed the taxes attributable to leased fee estates. We reverse the trial court's judgment and remand the case to the trial court solely to determine whether it should award attorney's fees.
NOTES
[1] Although Justice Kaplan participated in the submission of this case, he did not participate in the issuance of this opinion.
[2] The parties stipulated to the market value of full fee simple under the appraisal district's current practice of valuation.
[3] Article VIII, § 20 of the Texas Constitution provides: "No property of any kind in this State shall ever be assessed for ad valorem taxes at a greater value than its fair cash market value."
[4] The market value of the properties encumbered by the postal service's leases.
[5] The appraisal district appraises all nonexempt property as if it were unencumbered by any leases, or subject to leases with current market rents.
[6] See supra under "Exemption."
[7] See Tex.Tax Code Ann. § 23.01.
[8] See supra under "Exemption;" cf. Jagee, 812 S.W.2d at 52 (approving the appraisal of nonexempt estates on the full fee simple value).