Affirmed and Opinion filed July 10, 2008








Affirmed and Opinion filed July 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00458-CV

____________

 

PUBLIC, INC., Appellant

 

V.

 

COUNTY OF GALVESTON and CITY OF GALVESTON, Appellees

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 06TX0604

 



 

O P I N I O N

Appellant, Public, Inc., appeals the trial court=s judgment
ordering appellees, Galveston County and City of Galveston, to recover from
appellant taxes, penalties, and interest for the tax years 2004 through 2005
and certain special assessment liens and costs.  On appeal, appellant argues
appellees lacked the authority to tax appellant because appellant
is a nonprofit organization exempt from paying ad valorem property taxes. 
Finding no error, we affirm.








Factual and Procedural Background

Appellant is a nonprofit corporation, which was
incorporated in 1990.[1] 
Pursuant to appellant=s status as a nonprofit corporation, the
Internal Revenue Service (IRS) exempted appellant from paying federal income
taxes.  Additionally, appellant secured an exemption from property taxes from
the Galveston Central Appraisal District (GCAD) based upon its charitable
activities.  However, on June 23, 2004, GCAD sent appellant a notice-of-removal
letter stating appellant=s charitable tax exemption would be
removed as of January 1, 2004, due to appellant=s failure to
respond to a request for re-application for the exemption.[2] 
The letter further informed appellant it could file a written protest with the
Appraisal Review Board within thirty days from the date of the letter.  The
record reflects appellant did not take any action after receiving this letter.








On July 7, 2006, appellees filed an original petition
against appellant for the collection of delinquent ad valorem property taxes pursuant
to sections 33.01B34.08 of the Texas Tax Code and for the
collection of special assessment liens pursuant to chapter 342 of the Texas
Health and Safety Code.  Appellant filed its answer asserting it was a
nonprofit corporation, its status had not changed, and appellees were incapable
of changing the nature and character of the property in question.  The district
court assigned the matter to a tax master.  On October 20, 2006, the tax master
held a hearing, but the court reporter did not make a transcript of the
hearing.  On March 28, 2007, the tax master issued a recommendation for entry
of judgment in favor of appellees.  The following day, appellant filed its
notice of appeal of the tax master=s recommendation
with the district court arguing (1) there was no evidence to prove appellees
provided the proper notice as required by the Tax Code, (2) there was no
evidence appellant had changed its ownership or qualifications, and (3) there
was another exemption appellant was entitled to under section 11.12 of the Tax
Code.  On April 20, 2007, the district court judge signed off on the tax master=s findings.  The
district court rendered judgment that appellee, Galveston County, recover
taxes, penalties, and interest from appellant for the tax years 2004 through
2005 in the amount of $15,393.71.  The district court also rendered judgment
that appellee, City of Galveston, recover the principal, interest, release fee,
and attorney=s fees for special assessment liens[3]
placed on appellant=s property.  This appeal followed.        


Discussion [4]

A.      Is the
Evidence Legally Sufficient to Support the Trial Court=s Judgment?

Appellant argues appellees were not allowed to terminate
appellant=s exemption because appellant=s ownership and
qualifications had not changed.  According to appellant, it was entitled to an
exemption until its ownership or qualifications changed, and there is no
evidence in the record to support such a finding.  Thus, appellant claims the
trial court should not have required appellant to pay its state ad valorem
property taxes for the tax years 2004 through 2005.

 








1.       Standard
of Review

In conducting a legal sufficiency, or no evidence, review,
we must consider the evidence in the light most favorable to the verdict and
indulge every reasonable inference that supports it.  City of Keller v.
Wilson, 168 S.W.3d 802, 821B22 (Tex. 2005); Harris County v.
Vernagallo, 181 S.W.3d 17, 24 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied); Prairie View A & M Univ. v. Brooks, 180
S.W.3d 694, 705 (Tex. App.CHouston [14th Dist.] 2005, no pet.). The
evidence is legally sufficient if it would enable reasonable and fair-minded
people to reach the verdict under review.  Keller, 168 S.W.3d at 827; Vernagallo,
181 S.W.3d at 24; Brooks, 180 S.W.3d at 705.  This court must credit
favorable evidence if reasonable jurors could, and disregard contrary evidence
unless reasonable jurors could not.  Keller, 168 S.W.3d at 827; Vernagallo,
181 S.W.3d at 24; Brooks, 180 S.W.3d at 705.  The trier of fact is the
sole judge of the witnesses' credibility and the weight to be given their
testimony.  Keller, 168 S.W.3d at 819; Vernagallo, 181 S.W.3d at
24; Brooks, 180 S.W.3d at 705.  This court cannot substitute its
judgment for that of the fact finder so long as the evidence falls within the
zone of reasonable disagreement.  Keller, 168 S.W.3d at 822; Vernagallo,
181 S.W.3d at 24; Brooks, 180 S.W.3d at 705.  But, if the evidence
allows only one inference, neither jurors nor the reviewing court may disregard
it.  Keller, 168 S.W.3d at 822; Vernagallo, 181 S.W.3d at 25; Brooks,
180 S.W.3d at 705.

This court may
sustain a legal sufficiency,
or no evidence, point only if the
record reveals one of the following: (1) the complete absence of a vital fact;
(2) the court is barred by rules of law or of evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered to
prove a vital fact is no more than a scintilla; or (4) the evidence
conclusively established the opposite of the vital fact.  Keller, 168
S.W.3d at 810; Brooks, 180 S.W.3d at 705.[5]








2.       Analysis

After appellees filed their original petition and appellant
answered, the tax master held a hearing, but the hearing was not recorded. 
Thus, we do not have a reporter=s record in this case.  Appellant=s point of error
is an evidentiary point of error, and absent any record of what evidence the
trial court considered, we must presume the trial judge had before him and
passed on all necessary facts to support the order.  Frenzel v. Browning-Ferris
Indus., 780 S.W.2d 844, 846 (Tex. App.CHouston [14th
Dist.] 1989, no writ).  Although an appellant may properly challenge the legal
sufficiency of evidence supporting the trial court=s judgment against
him, he cannot prevail in any evidentiary challenge without first meeting his
burden of presenting a sufficient record on appeal.  Schafer v. Conner,
813 S.W.2d 154, 155 (Tex. 1991); Nicholson v. Fifth Third Bank, 226
S.W.3d 581, 583 (Tex. App.CHouston [1st Dist.] 2007, no pet.). 
Because there is no reporter=s record or findings of fact in this case,
we must assume the trial court had legally sufficient evidence to support its
judgment.  See Schafer, 813 S.W.2d at 155; Frenzel, 780 S.W.2d at
846; Nicholson, 226 S.W.3d at 583.  Accordingly, we reject appellant=s argument, and
conclude the evidence is legally sufficient.

B.      Did GCAD
Provide Appellant Proper Notice?

Appellant also argues there is no evidence GCAD provided
appellant the required  notice under section 11.43(c) of the Tax Code before it
revoked appellant=s exemption.  According to appellant,
without adequate notice, it was deprived of due process and its right to
protest the removal.  

1.       Applicable
Law








Section 11.18 of the Tax Code provides an exemption to
charitable organizations from ad valorem property taxation.  Tex. Tax Code Ann.
' 11.18(a)(1)B(2) (Vernon
2008).  According to section 11.43(c), once a person applies for and receives
an exemption under section 11.18, the person need not reapply in subsequent
years, and the exemption applies to the property until it changes ownership or
the person=s qualifications change.  Id. ' 11.43(c) (Vernon
2008).  However, the chief appraiser may require the person to file a new
application to confirm the person=s current
qualification for the exemption by delivering a written notice that a new
application is required, accompanied by an appropriate application form, to the
person previously allowed the exemption.  Id.  

2.       Analysis

On June 23, 2004, GCAD sent appellant a notice-of-removal
letter stating appellant=s charitable tax exemption would be
removed as of January 1, 2004.  The letter indicated GCAD was terminating
appellant=s exemption due to appellant=s failure to
respond to a request for re-application for the exemption.  The letter also
informed appellant it could file a written protest with the Appraisal Review
Board within thirty days from the date of the letter.  While the letter
indicates appellant received a previous notice requesting re-application, as
required by section 11.43(c), the alleged previous request is not included in
the record, and appellant claims it never received such notice.  According to
appellant, since there is no evidence GCAD provided the proper notice under
section 11.43(c) before terminating its exemption, the trial court erred in
ordering appellant to pay its state ad valorem property taxes.








Assuming, without deciding, GCAD failed to send appellant
the proper notice required under section 11.43(c), appellant failed to follow
the proper administrative steps for a claim regarding lack of proper notice. 
The Tax Code provides the exclusive remedies available for a claim such as
appellant=s.  See id. '' 41.41(a), 41.411,
42.09 (Vernon 2008); Cameron Appraisal Dist. v. Rourk, 194 S.W.3d 501,
502 (Tex. 2006).  The Tax Code provides a property owner with the right to
protest any action of the chief appraiser, appraisal district, or appraisal
review board that applies to and adversely affects the property owner.  Tex.
Tax Code Ann. ' 41.41(a)(9).  Additionally, a property owner may
protest an appraisal district=s failure to provide or deliver any notice
to which the property owner is entitled.  Id. ' 41.411(a).  Along
with the right to protest, the Tax Code provides the detailed administrative
procedures a protester must follow.  See id. '' 41.44B.71 (Vernon
2008).  These procedures prescribed by the Tax Code for adjudication of the
grounds of protest are exclusive, and a property owner may not raise any of
these grounds in a defense to a suit to enforce the collection of delinquent
taxes.[6] 
Id. ' 42.09(a)(1); see Rourk, 194 S.W.3d at 502
(recognizing the Tax Code provides detailed administrative procedures for those
who contest their property taxes, which are Aexclusive,@ and most defenses
are barred if not raised through the administrative process).  The Texas
Constitution expressly allows the legislature to bestow exclusive jurisdiction
on administrative bodies.  See Tex. Const. art. V, ' 8.








In this case, the record reflects appellant did not follow
any of the administrative procedures provided by the Tax Code to protest GCAD=s failure to
provide proper notice.  Therefore, appellant had no right to assert, and the
trial court had no jurisdiction to consider, appellant=s claim of lack of
notice.  See Rourk, 194 S.W.3d at 502 (A[A] taxpayer=s failure to
pursue an appraisal review board proceeding deprives the courts of jurisdiction
to decide most matters relating to ad valorem taxes.@); Houston
Indep. Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 633B38 (Tex. App.CHouston [14th
Dist.] 2006, pet. denied) (op. on reh=g) (holding the
trial court did not have jurisdiction to hear taxpayer=s complaint that
the taxing authority improperly removed its homestead exemption because the
taxpayer failed to follow the exclusive administrative remedies provided in the
Tax Code); ABT Galveston L.P. v. Galveston Cent. Appraisal Dist., 137
S.W.3d 146, 152B58 (Tex. App.CHouston [1st
Dist.] 2004, no pet.) (holding the taxing authorities were entitled to summary
judgment since the trial court lacked jurisdiction to hear the taxpayers= complaint that
the taxing authorities failed to provide proper notice of the removal of their
property tax exemption because the taxpayers did not exhaust the administrative
remedies available).  Thus, appellant=s argument
regarding lack of notice could not preclude, and is not a ground to reverse,
the trial court=s judgment requiring appellant to pay ad
valorem property taxes for the years 2004 through 2005.

Appellant cites Inwood Dad=s Club, Inc. v.
Aldine Independent School District, 882 S.W.2d 532 (Tex. App.CHouston [1st
Dist.] 1994, no writ), as support for its lack of notice argument.  In Inwood,
Inwood Dad=s Club, Inc. (Inwood) received an exemption in 1976
from ad valorem property taxes due to its status as a charitable organization. 
Id. at 533.  In 1989, several taxing authorities decided they did not
agree with Inwood=s claimed exemption status, so they sued
Inwood to recover delinquent taxes.  Id.  Both a tax master and the
district court found Inwood delinquent and rendered judgment against Inwood for
back taxes, interest, and penalties.  Id.  Inwood appealed and argued
the trial court erred in holding Inwood was not a charitable organization
exempt from ad valorem property taxes.  Id. at 534.  Inwood argued the
chief appraiser failed to send it notice of any requirement to reapply for an
exemption, as specified by section 11.43(c).  Id.  In fact, the taxing
authorities did not dispute the fact Inwood never received the required
statutory notice.  Id.  According to Inwood, due to the lack of notice,
Inwood legally never lost its exempt status.  Id.  The taxing
authorities responded by arguing Inwood waived its right to complain about the
lack of notice because Inwood failed to bring the complaint to the appraisal
review board.  Id. at 535.  The court of appeals rejected the taxing
authorities= argument.  Id. at 538.  The court of appeals
held the Tax Code did not provide administrative review procedures for the
removal of an exemption; the appraiser had no authority to remove the exemption
without specific notice to Inwood; without such notice, the appraiser never
acquired jurisdiction to remove the exemption; and the appraiser=s removal of
Inwood=s exemption was a
void act that could be challenged anywhere and anytime.  Id. 













First, we point out Inwood is a First Court of
Appeals case and, thus, not binding precedent on this court; however, despite
the fact the case is not binding, we find Inwood distinguishable from
this case.  In 2004, the First Court of Appeals issued ABT Galveston L.P. v.
Galveston Central Appraisal District, in which it distinguished Inwood,
and we find the holding in that case more persuasive.  See 137 S.W.3d at
146.  In ABT Galveston, the taxpayers entered into an agreement with the
taxing authorities that provided the taxpayers with an exemption from ad
valorem property taxes for a period of seven years.  Id. at 147B48.  The agreement
allowed the taxing authorities to declare the taxpayers in default if they
failed to comply with certain obligations, but it also required the taxing
authorities to give the taxpayers written notice of, and sixty days to cure,
any alleged default.  Id. at 148.  Eventually, the taxpayers defaulted
on the agreement, and the taxing authorities voted to cancel the tax abatement
agreement.  Id. at 149.  The taxing authorities notified the taxpayers
they were in default, and one week later, the taxing authorites demanded payment. 
Id.  The taxpayers then sent a letter protesting the taxing authorities= failure to give
notice and requested a hearing before the Galveston Appraisal Review Board.  Id.
at 150.  The review board denied the hearing.  Id.  A few months later,
the taxpayers filed suit against the taxing authorities seeking a refund of
taxes.  Id.  The taxpayers argued the taxing authorities failed to
deliver proper or timely notice before removing their exemption and attempting
to collect the taxes.  Id.  In their answer, the taxing authorities
asserted various affirmative defenses, including the taxpayers= alleged failure
to exhaust administrative remedies before filing suit.  Id. at 151.  The
taxing authorities then filed a motion for summary judgment, which the trial
court granted.  Id.  On appeal, the appellate court upheld the summary
judgment in favor of the taxing authorities because the taxpayers failed to
timely pursue or exhaust the administrative remedies available under the Tax
Code to protest the taxing authorities= actions;
therefore, the trial court did not have jurisdiction to hear the taxpayers= claims.  Id.
at 154B58.  The court
distinguished its prior holding in Inwood on the basis the taxpayers in ABT
Galveston received some form of notice, even though the notice was
improper.  Id. at 156.  The court stated Ain the present
case, having received notice directly from the taxing authorities of the
cancellation of the tax exemptions and of the >unofficial= appraised value
of the facility . . . [the taxpayers] were aware of the fact that they had not
received, as they alleged, notice to which they were entitled.@  Id. at
157.                 

Here, as in ABT Galveston, appellant received notice
from GCAD informing appellant its charitable tax exemption would be
terminated.  Since appellant did receive some form of notice directly from
GCAD, appellant was well aware of the fact it had not received the notice it
was entitled to under section 11.43(c).  A taxpayer cannot elect to do nothing
when confronted with a notice the taxpayer believes to be erroneous (e.g.,
cancellation of an exemption), and then use it as a defense in the district
court; that would defeat the entire tax scheme the Tax Code provides for
protesting and appealing actions of the taxing authorities.  See Harris
County Appraisal Dist. v. Pasadena Prop. L.P., 197 S.W.3d 402, 406 (Tex.
App.CEastland 2006,
pet. denied).  Thus, under the rationale of ABT Galveston, we find Inwood
distinguishable and find appellant was required to pursue or exhaust the
administrative remedies available.  See ABT Galveston L.P., 137
S.W.3d at 154B58.  Appellant=s failure to do so
deprived the trial court of jurisdiction to hear its complaint regarding lack
of proper notice.  See id.; see also Pasadena Prop. L.P., 197
S.W.3d at 406B07 (distinguishing Inwood and holding a chief
appraiser=s failure to provide the required notice regarding a
cancellation of an exemption makes his act voidable, not void, and if a
taxpayer is given an opportunity to be heard before an appraisal board then the
requirements of due process are satisfied).  Therefore, appellant=s claim was not an
available defense in the trial court  

C.      Does
Section 11.12 of the Tax Code Exempt Appellant From Paying Ad Valorem Property
Taxes?








Lastly, appellant argues section 11.12 of the Tax Code
provides another exemption from state ad valorem property taxes.  Appellant
claims private property exempt under federal law is exempt from taxation by the
state.  Thus, according to appellant, since the IRS, which is a federal entity,
provides appellant a tax exemption, appellant is exempt from state ad valorem
property taxes as well.

1.       Applicable
Law

Section 11.12 of the Tax Code states A[p]roperty exempt
from ad valorem taxation by federal law is exempt from taxation.@  Tex. Tax Code
Ann. ' 11.12 (Vernon
2008).  This section of the Tax Code recognizes the right of Congress to
preempt state taxation and its power to create exemptions.  See Deer Park v.
Harris County Appraisal Dist., 963 F. Supp. 605, 609 (S.D. Tex. 1997), aff=d, 132 F.3d 1095
(5th Cir. 1998).  Thus, if the federal law exempts certain properties from ad
valorem taxes, Texas law requires an exemption as well.  Tex. Tax. Code Ann. ' 11.12.

2.       Analysis

Appellant argues section 11.12 of the Tax Code requires the
state to exempt appellant from paying state ad valorem property taxes because
the IRS, which is a federal entity, provides appellant a tax exemption. 
Appellant=s brief states Aprivate property
exempt under federal law is exempt from taxation by the state;@ however,
appellant=s argument is flawed.  According to the record, the
IRS provides appellant an exemption from federal income taxes, not ad
valorem property taxes.[7] 
Section 11.12 does not exempt from State ad valorem taxation property
that is exempt from federal income taxation without compliance with the
relevant portions of the Texas Tax Code.  See id.  Thus, appellant=s exemption from
federal income taxation does not automatically exempt it from ad valorem
property taxation.








Appellant cites two cases as support, but neither case
actually supports appellant=s argument.  One case offered by
appellant, Deer Park v. Harris County Appraisal District, addressed the
constitutionality of a federal exemption from state and local ad valorem
property taxes.  963 F. Supp. at 605.  In Deer Park, Congress enacted a
statute which exempted free trade zones from paying state and local ad valorem
property taxes on personal property.  Id. at 606.  Ultimately, the
district court determined a federal law that creates an exemption from state ad
valorem property taxes was constitutional, and section 11.12 of the Texas Tax
Code recognized Congress=s authority to create such exemptions.  Id.
at 609.  This case, however, does not support appellant=s proposition.

Appellant also cites United States Postal Service v.
Dallas County Appraisal District, 857 S.W.2d 892 (Tex. App.CDallas 1993), vacated,
866 S.W.2d 209 (Tex. 1993).  First, we point out the Supreme Court expressly
vacated this opinion, therefore, it has no precedential value.  See Tex.
R. App. P. 56.3 (stating the Supreme Court=s order does not
vacate a court of appeals= opinion unless the order specifically
provides otherwise).  However, even if the Supreme Court had not vacated U.S.
Postal Service, it does not support appellant=s position.  In U.S.
Postal Service, the United States Postal Service and its lessors sued the
Dallas County Appraisal District and the Dallas County Appraisal Review Board
over the taxation of the postal service=s leasehold
interests.  U.S. Postal Serv., 857 S.W.2d at 892.  Ultimately, the court
of appeals determined because state and local entities could not directly tax
federal property, the local government entity could only tax the private
leaseholder=s interest.  Id. at 894B95.  In its
analysis, the court of appeals referenced section 11.12 for the proposition
that Texas tax law exempts all property belonging to the United States.  Id.
at 894.  However, this case in no way suggests section 11.12 provides an
exemption from state ad valorem property taxation for private property that is
exempt from income taxation.








  The plain language of section 11.12 provides an exemption
from state ad valorem taxation for property exempt from federal ad valorem
taxation.  Tex. Tax Code Ann. ' 11.12.  However, appellant would have us
hold section 11.12 also provides an exemption from state ad valorem taxation
for property owned by an entity that is exempt from federal income taxation. 
Because appellant fails to cite any relevant authority to support its position
and our own independent research reveals no such authority, we reject appellant=s argument.

Having considered and rejected all three of the arguments
appellant raises within its one issue, we overrule appellant=s sole issue on
appeal.

Conclusion

Having overruled appellant=s sole issue on
appeal, we affirm the trial court=s judgment.

 

­

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Opinion filed July 10, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.   









[1]  Appellees stipulate appellant is a nonprofit corporation. 





[2]  Appellant=s
brief states GCAD=s notice-of-removal letter did not provide the reason
for the termination of appellant=s
exemption; however, appellant is incorrect.  At the bottom of GCAD=s letter, GCAD stated the reason for termination was
because appellant Adid not respond to request to reapply for exemption.@





[3]  Chapter 342 of the Texas Health and Safety Code
empowers a municipality to regulate the cleaning of a building, an
establishment, or the ground.  See Tex. Health & Safety Code Ann. ' 342.003 (Vernon 2001).  Also, chapter 214 of the
Texas Local Government Code allows a municipality to regulate the demolition or
repair of a building.  See Tex. Loc. Gov=t Code Ann. ' 214.001(a) (Vernon 2008).  Both codes also allow a
municipality to charge the expenses incurred to the owner of the property and
hold a lien on the property for the expenses.  See Tex. Health &
Safety Code Ann. ' 342.006(a)(1)B(2)
(Vernon Supp. 2007); Tex. Loc. Gov=t
Code Ann. ' 214.001(n).  





[4]  Appellant=s brief technically states only one
issue as follows: AThe Taxing Entity Was Without
Authority To Tax The Non-Profit When The Entity=s Ownership and Qualifications Remained The Same.@  But, after reviewing appellant=s arguments under this one issue,
we determine appellant has raised three separate arguments.  Therefore, we will
address each of appellant=s arguments separately.





[5]  Appellant=s
brief also provides the standard of review for a factual sufficiency review,
but appellant fails to argue the evidence is factually insufficient in the AArgument@
section of its brief.  Accordingly, we find appellant waives any argument
regarding factual insufficiency.  See Tex. R. App. P. 38.1(h).





[6]  Those who do not file administrative protests may
still assert that (1) they did not own the property, or (2) the property was
outside the boundaries of the taxing unit.  Tex. Tax Code Ann. ' 42.09(b)(1)B(2).  Neither exception is applicable in this case. 





[7]  Appellant=s
brief states Aproperty exempt from ad valorem taxation by the IRS is
exempt from state taxation.@  Appellant,
however, misstates the type of exemption provided by the IRS.  According to the
record, the IRS provides appellant an exemption from income taxation, which is
not the same as ad valorem property taxation.