**Reverse and Render and Opinion Filed October 29, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00875-CV

### DALLAS CENTRAL APPRAISAL DISTRICT, Appellant
### V.
### CITY OF DALLAS, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-17139**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Molberg

The City of Dallas (City) filed a petition for judicial review of the Dallas Central Appraisal District (DCAD) Review Board's (Appraisal Review Board) final order denying the City's request for a public property tax exemption on certain property leased by the City from a private party and used exclusively for public purposes.

The parties filed competing motions for summary judgment. After a hearing, the trial court signed a final judgment in the City's favor, ruling the City was entitled to a public property exemption from paying any ad valorem taxes on its leasehold

interest in the property. In its sole issue on appeal, the DCAD argues the property is not exempt from taxation because it is not owned by the City. We reverse the trial court's judgment and render judgment for the DCAD that the City is not entitled to a tax exemption under section 11.11(a) of the Texas Tax Code. TEX. TAX CODE § 11.11(a).

## BACKGROUND

The City leases property located at 3448 West Mockingbird Lane in Dallas, Texas, from Mockingbird Partners, L.P., a Delaware limited partnership (Mockingbird Partners). Pursuant to the terms of the lease, the City is responsible for paying the taxes on the property. In its petition, the City alleged that in April 2018, it received "the invoice for the 2018 ad valorem property taxes due on the Property." The City alleged it filed a protest with the DCAD. By final order dated September 27, 2018, the Appraisal Review Board denied the City's protest. The final order was addressed to "MOCKINGBIRD PARTNERS LP." After receiving a copy of the Appraisal Review Board's final order, the City sent the DCAD a letter of intent to appeal the final order to district court.

In its summary judgment motion, the City argued that while it does not own the property, it owns the leasehold, uses the property for the public purpose of housing the City's Ground Transportation Department, and is responsible for paying the taxes on the property according to the terms of the lease. According to the City, the property therefore should enjoy exemption status under section 11.11 of the

–2–

Texas Tax Code. TEX. TAX CODE § 11.11(a). In its response and cross-motion for summary judgment, the DCAD argued that under section 11.11, the City would have to own the property for the exemption to apply, the City does not own the property, and, therefore, the DCAD is entitled to judgment as a matter of law.

**ANALYSIS**

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional motion for summary judgment, the movant must show no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Tarr*, 556 S.W.3d at 278.

Texas law requires all property to be taxed unless it is exempt. *See* TEX. CONST. art. VIII, § 1. However, the legislature may "exempt from taxation public property used for public purposes. . . ." TEX. CONST. art. VIII § 2. Section 11.11 of the Texas Tax Code exempts from taxation property owned by a political subdivision provided the property is used for a public purpose. TEX. TAX CODE § 11.11(a) ("[P]roperty owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes."). Nevertheless, the law does

not favor tax exemptions and courts should construe statutory exemptions from taxation strictly and resolve all doubts against the granting of an exemption. *Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Envtl. Quality*, 576 S.W.3d 374, 383–84 (Tex. 2019) (statutory taxation exemptions are strictly construed "because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally") (quoting *N. Alamo Water Supply Corp. v. Willacy Cty. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991)).

On appeal, the DCAD argues—as it argued in its response and cross-motion for summary judgment in the trial court—that section 11.11(a) does not apply because the City undisputedly does not own the property. Mockingbird Partners is the property owner. The City, however, claims it is entitled to a tax exemption under section 11.11(a) of the Texas Tax Code because a leasehold held by the state or a political subdivision thereof and used for a public purpose—such as the City's lease of the property—constitutes "property" under section 11.11(a).

We agree with the DCAD. Section 11.11(a) applies only to property that is publicly owned by the state or a political subdivision of the state. For taxation purposes, this Court has defined the owner of real property as the "person or legal entity holding legal title to the property, or holding an equitable right to obtain legal title to the property." *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied). "Public ownership, for

tax-exemption purposes, must grow out of the facts; it is a legal status, based on facts, that may not be created or conferred by mere legislative, or even contractual declaration. If the state does not in fact own the taxable title to the property, neither the Legislature by statute, nor the [parties], may make the state the owner thereof by simply saying that it is the owner." *Tex. Turnpike Co. v. Dallas Cty.*, 271 S.W.2d 400, 402 (Tex. 1954). Here, the City does not hold legal or equitable title to the property. It is undisputed the property is privately owned by Mockingbird Partners and Mockingbird Partners possesses legal title.

The City bears a heavy burden of proof and must show that it clearly falls within a statutory exception—which we strictly construe—to establish entitlement to a tax exemption. We conclude the City does not own the property at issue in this case and the trial court erred by granting summary judgment in the City's favor, and by not granting summary judgment in the DCAD's favor, with respect to the City's claim for a tax exemption under section 11.11 of the Texas Tax Code.[1]

---

[1] The City's reliance on *U.S. Postal Serv. v. Dallas Cty. Appraisal Dist.*, 857 S.W.2d 892 (Tex. App–Dallas 1993), *vacated* 866 S.W.2d 209 (Tex. 1993), is misplaced. First, we note the Texas Supreme Court expressly vacated this opinion; therefore, it has no precedential value. *See* TEX. R. APP. P. 56.3. However, even if the supreme court had not vacated *U.S. Postal Service,* it does not support the City's position. In *U.S. Postal Service,* the United States Postal Service and its lessors sued the DCAD and the Appraisal Review Board over the taxation of the postal service's leasehold interests. *U.S. Postal Serv.*, 857 S.W.2d at 892. Ultimately, this Court determined that because state and local entities could not directly tax federal property, if the federal government owns the fee but leases the property to a private entity, the local government entity could only tax the private leaseholder's interest. *Id.* at 894–95. In our analysis, this Court referenced section 11.12 of the Texas Tax Code for the proposition that Texas tax law exempts all property belonging to the United States. *Id.* at 894.

We resolve the DCAD's sole issue in its favor.  We reverse the judgment of the trial court and render judgment for DCAD that the City is not entitled to a tax exemption under section 11.11(a) of the Texas Tax Code.  TEX. TAX CODE § 11.11(a).


190875f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS CENTRAL APPRAISAL
DISTRICT, Appellant

No. 05-19-00875-CV          V.

CITY OF DALLAS, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-17139.
Opinion delivered by Justice
Molberg. Justices Carlyle and
Browning participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** in favor of appellant DALLAS CENTRAL APPRAISAL DISTRICT.

It is **ORDERED** that appellant DALLAS CENTRAL APPRAISAL DISTRICT recover its costs of this appeal from appellee CITY OF DALLAS.

Judgment entered this 29th of October, 2020.