## Richmond

BOARD OF SUPERVISORS OF FAIRFAX COUNTY, ET AL.

V.

DAVID E. NASSIF, D/B/A, ETC.

April 30, 1982.

Record No. 791212.

Present: All the Justices.

*A. Robert Cherin, Deputy County Attorney (David T. Stitt, County Attorney,* on briefs), for appellants.

*Robert C. Fitzgerald; Bruce A. Kimble (Fitzgerald and Smith, P.C.,* on brief), for appellee.

*Amicus Curiae: Commonwealth of Virginia, Department of Taxation. John G. MacConnell, Assistant Attorney General (Marshall Coleman, Attorney General; Kenneth W. Thorson, Assistant Attorney General; Norman K. Marshall, Assistant Attorney General,* on briefs), for appellants.

*Amicus Curiae: City of Alexandria. (Cyril D. Calley, City Attorney; Harry P. Hart; Murphy, Hart and O'Neill,* on brief), for appellants.

*Amicus Curiae: County of Henrico. (Joseph P. Rapisarda, Jr., Assistant County Attorney,* on brief), for appellants.

*Amicus Curiae: Virginia Municipal League. (Howard W. Dobbins; William A. Young, Jr.; Wallerstein, Goode & Dobbins,* on briefs), for appellants.
*Amicus Curiae: Virginia Association of Assessing Officers. (Sally T. Warthen,* on brief), for appellants.

CARRICO, C.J., delivered the opinion of the Court.

This is an appeal by the Board of Supervisors of Fairfax County from a final order reducing the 1978 tax assessment on property owned by David E. Nassif, doing business as Suffolk Properties. The property consists of three adjacent parcels of land improved by a multistory office building and paved parking areas. The building contains 229,549 square feet of leasable space, approximately 94% of which is rented to the federal government for a 20-year term that commenced in 1964. The lease contains no rent-escalation clause or expense-pass-through provision.

Employing the capitalization of income method of appraisal, the County fixed the fair market value of the property at $7,113,840.00 for the year 1978 and assessed it in that amount. In calculating the gross income of the property, however, the assessor ignored Nassif's actual rental income as determined by the lease and used instead enhanced figures representing estimated "economic rent," as derived from market data.[1]

On July 13, 1978, Nassif filed an application under Code § 58-1145 alleging that the 1978 assessment of his property was erroneous and praying for its correction. At the hearing on the application, the parties settled upon the capitalization of income method as the proper way to appraise the property. Because, however, the County had used "other than actual income" in determining fair market value by that method, the trial court held the 1978 assessment erroneous and reduced it to $5,250,000.00. We granted the County an appeal limited to the question whether the trial court erred "in mandating, as a matter of law, that actual contract income must be used by the County in appraising property by the capitalization of income approach."[2]

---

[1] In *Shaia v. City of Richmond,* 207 Va. 885, 895, 153 S.E.2d 257, 265 (1967), we defined "economic rent" as the "amount that a typical [lessee] should be willing to pay for the right to use and occupy the premises for [a stated period]."

[2] Nassif attempts to argue other issues, but we decide only the question quoted in the text.

The County contends the trial court erred in ruling that only contract rent should have been used in the 1978 appraisal. Property is made up of many interests, it is argued, and where, as here, economic rent exceeds contract rent, the leasehold interest has value; therefore, only an appraisal employing economic rent will encompass the value of the entire fee-simple interest.

On the other hand, Nassif contends that where actual rental income is known, use of contract rent alone is mandated to satisfy the established test for determining fair market value, *viz.,* the price property will bring when offered for sale by a willing seller and purchased by a willing buyer. A prudent purchaser, Nassif argues, would be concerned about the depressing effect the government's long-term lease would have upon the fair market value of the property. Furthermore, Nassif asserts, the leasehold interest the County seeks to tax is held by the federal government, "a nontaxable entity," and, while the General Assembly has provided for the taxation to the lessee of the value of lease-hold interests in real property exempt from taxation to the owner (Code § 58-758.1), no provision has been made for taxation of the interests of tax-exempt lessees.

We believe these arguments and the question involved in this case are answered fully by two of our prior decisions. In *Railroad Company* v. *Commonwealth,* 203 Va. 294, 124 S.E.2d 206 (1962), the Richmond, Fredericksburg and Potomac Railroad Company sought correction of the State Corporation Commission's assessment of the railroad's property in Alexandria. Relying upon two long-term contracts with other railroads that restricted use of the property and yielded only limited returns, RF&P contended it was entitled to reduction of the assessment.

We rejected the contention as "without merit." 203 Va. at 301, 124 S.E.2d at 211. Affirming the assessment, we quoted with approval from the Commission's opinion, where it was stated that the "property subject to taxation is the fee simple and not the reversion after the expiration of a lease." *Id.* We also quoted from *Donovan* v. *Haverhill,* 247 Mass. 69, 72, 141 N.E. 564, 566 (1923):

> "Manifestly the entire estate to be taxed may be made up of various tenancies, vested and contingent, as well as lease-hold interests, the value of which in many cases it would be impracticable to determine. It is plain a deduction of the sur-

render value of a long-term lease from the market value of the estate, ascertained by a sale of the land free of the lease, in many instances would seriously impair the taxable valuation of the estate considered as a whole; and that the entire estate would escape taxation to the extent of the tax upon the value of the leasehold interest to the estate for the purpose of extinguishment. We do not think a determination of the fair cash valuation of real estate requires the assessors to make such a deduction."

203 Va. at 301, 124 S.E.2d at 211.

In the second case, *RF & P* v. *Corporation Commission,* 219 Va. 301, 247 S.E.2d 408 (1978), the railroad sought reduction of an assessment of property in Arlington County. RF&P contended that, because of a 1938 indenture between the railroad and the United States, the only interest it held consisted of the property's diminished value for railroad operating purposes or limited industrial uses; hence, reduction of the assessment should be ordered.

Noting that a similar argument had been made in the 1962 RF&P case, we said there was "no merit to this contention." 219 Va. at 319, 247 S.E.2d at 418. Adverting to the reasons assigned for the rejection of the contention in the earlier case, we said the "same reasoning applies here." *Id.,* 247 S.E.2d at 419.

Nassif attempts to distinguish the two RF&P cases from the present situation. The attempt must fail; Nassif merely advances distinctions without differences. In legal contemplation, the three situations are indistinguishable.

Consistent with the two RF&P decisions, we hold that the rent fixed by the lease between Nassif and the federal government does not control the amount of gross income to be used in evaluating the property according to the capitalization of income method. We hold further that it was not improper for the assessor to use economic rent in appraising the property for the 1978 assessment.

It follows, therefore, that the trial court's judgment must be reversed for the error in ruling that only contract rent could be used in appraising property by the capitalization of income method. This does not mean, however, that we must reinstate the County's assessment. The County concedes that contract rent should be considered in this type of case. Yet, the record shows conclusively that the assessor ignored contract rent in appraising the property for the 1978 assessment. Thus, while the trial court

erred in refusing to consider economic rent in testing the correctness of the County's assessment, the assessor erred in failing to consider contract rent in making the assessment.

Accordingly, it is necessary to remand the case so that further proceedings may be conducted in light of the views expressed in this opinion. In the further proceedings, the trial court shall accord the County's 1978 assessment the presumption of correctness to which it is entitled and then determine from the evidence whether Nassif has borne his burden of overcoming the presumption. *Fruit Growers* v. *Alexandria,* 216 Va. 602, 609, 221 S.E.2d 157, 162 (1976); *N. and W. Ry. Co.* v. *Commonwealth,* 211 Va. 692, 695, 179 S.E.2d 623, 626 (1971).

Because of the remand, the question arises concerning the part economic rent should play vis-a-vis contract rent in the capitalization-of-income equation. Resolving the issue, we hold that, as a general rule, economic rent is the measure to be used in capitalizing income for fair-market-value determination; however, contract rent is relevant as evidence of economic rent. The present case is subject to this general rule.

*Reversed and remanded.*