CLARKE ASSOCIATES, ETC., ET AL.

V.

COUNTY OF ARLINGTON

Record No. 850242

June 10, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Thomas and Whiting, JJ., and Cochran, Retired Justice

*Gilbert Hahn, Jr. (Janet L. Eveland; Amram & Hahn*, on briefs), for appellants.
*Charles G. Glinn, County Attorney*, for appellee.

WHITING, J., delivered the opinion of the Court.

In this tax assessment appeal, we decide whether a county correctly considered the impact of net rental paid under long-term leases (hereafter, contract rent) upon the fair market value of four high-rise office buildings.

Clarke Associates, a limited partnership, and Richmond Land Corporation (collectively, the taxpayers) appeal from a final order affirming the January 1, 1980 tax assessment by Arlington County on 8.11175 acres of land improved by four multistory office buildings and parking areas. These buildings contained about 900,000 square feet of net rentable office space and 21,000 square feet of net rentable commercial space in the Crystal City area of Arlington County. The assessment, and the trial court's judgment upholding the assessment, were based upon a market value derived by a capitalization of what the assessor considered to be a fair market rental for the properties (hereafter, economic rent).

Some years before 1980, the taxpayers had leased 726,307 square feet of the office space to the federal government at an annual rate of $5 per square foot under leases which terminate in

1989. The taxpayers leased an additional 106,000 square feet of the office space a number of years before the disputed assessment to a company identified as USAIR at an annual rate of about $7 per square foot for a term ending in 1990. There was no evidence to indicate that these rental rates were not negotiated at arm's length for a fair market value at the time the leases were signed. On the date of assessment, the average annual economic rent for comparable space and services in this area of Arlington County was $10 to $11 per square foot.

Capitalizing the economic rent attributable to these properties of $10 per square foot per year, the assessor fixed their fair market value at $57,787,100. The taxpayers' expert witness determined the fair market value of these properties to be $37,979,000 by capitalizing the contract rent on the long-term leases and the economic rent on the remaining areas and adding a calculated present value of the right of reversion at the end of the lease periods. Thus, the assessor relied upon economic rent and the taxpayers relied principally upon contract rent in determining the fair market value of the properties. There is no substantial dispute about the adjustments to gross rent to compute net income in either method of calculation.

We stated the controlling legal principles in *Arlington County Board* v. *Ginsberg*, 228 Va. 633, 640, 325 S.E.2d 348, 352 (1985), in the following language:

> There is a clear presumption that an assessment is valid; the presumption can be rebutted only upon a showing of manifest error or total disregard of controlling evidence. *City of Richmond* v. *Gordon*, 224 Va. 103, 110, 294 S.E.2d 846, 850 (1982). The burden is on the taxpayer to show that his property is assessed at more than fair market value or that the assessment is not uniform in its application. Code § 58-1145, now § 58.1-3984 (Repl. Vol. 1984).
>
> . . . .
>
> Fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing. [*Bd. of Sup.*] v. *Donatelli & Klein*, 228 Va. [620] at 628, 325 S.E.2d [342] at 345.
>
> The real estate to be taxed is the fee simple interest, not the reversion after expiration of a leasehold interest. *Fairfax*

*County* v. *Nassif*, 223 Va. 400, 403-04, 290 S.E.2d 822, 824 (1982). As a general rule, determination of fair market value by capitalization of economic rents is the preferred method, but consideration of contract rents is required in ascertaining economic rents. *Id.* at 405, 290 S.E.2d at 825.

The County contends that the taxpayers have failed to satisfy their initial burden of showing manifest error in the assessment process which resulted in an assessment of the property at more than its fair market value. Because the County introduced evidence after the trial court denied its motion to strike the taxpayers' evidence, we consider both parties' evidence to resolve this issue. *Roberts* v. *Commonwealth*, 230 Va. 264, 270 n.8, 337 S.E.2d 255, 259 n.8 (1985).

The appraiser in the tax assessor's department considered the contract rent upon these properties, but "rejected it as not being reflective of the current market rate of rent." The tax assessor justified his own rejection of a recent sale of the nearby Van Buren office building as a basis for comparison to determine the market value of these buildings because it was "completely irrelevant due to the fact it was encumbered by a long-term lease which restricted the income." The two experts who testified in support of the County's assessment used economic rent to determine the fair market value of the property. Apparently, the contract rents on the subject properties did not affect their calculations; they testified those rental rates were considered to be too far below the economic rental rate upon these properties.

 This case was tried after we decided *Fairfax County* v. *Nassif*, 223 Va. 400, 290 S.E.2d 822 (1982) (*Nassif I*), but before we decided *Nassif* v. *The Board of Supervisors*, 231 Va. 472, 345 S.E.2d 520 (1986) (*Nassif II*), *Bd. of Sup.* v. *Donatelli & Klein*, 228 Va. 620, 325 S.E.2d 342 (1985), and *Ginsberg.* In *Nassif I*, 94 percent of the leasable space in a multistory office building had been leased to the federal government under a long-term lease at a rate which, by the time of the assessment, was substantially less than the rate of economic rent. Although we reversed the trial court's application of contract rent without a consideration of economic rent, we found that the assessor had erred in "failing to consider contract rent in making the assessment." *Nassif I*, 223 Va. at 405, 290 S.E.2d at 824. We concluded that "as a general rule, economic rent is the measure to be used in

capitalizing income for fair-market-value determination; however, contract rent is relevant as evidence of economic rent. The present case is subject to this general rule." *Id.*, 290 S.E.2d at 825.

■ In *Nassif II*, we again reversed the trial court which had sustained the assessment based solely on a capitalization of economic rent under the same method used by the assessor in *Nassif I*. The assessor testified in *Nassif II* that his use of economic rent a second time was justified because the contract rent was too low to be considered. After quoting from our decisions in *Donatelli & Klein*, 228 Va. at 630, 325 S.E.2d at 347, and *Ginsberg*, 228 Va. at 640, 325 S.E.2d at 352, we concluded that "in determining economic rent, contract rent must be factored into the formula; it cannot be disregarded." 231 Va. at 483-84, 345 S.E.2d at 527.

Here, all the expert witnesses for the County testified that where contract rents are below economic rents, the owner's "leased fee," defined as the right to receive the income from the lease plus the reversionary rights upon termination of the lease, does not represent the full fee simple value of the property because the lessee has a "leasehold interest." They described the "leasehold interest" as the economic advantage accruing to a lessee because of a favorable lease at a contract rent which is less than the economic rent. The County attorney, in oral argument, conceded that the fair market value of any property sold by an owner would be affected by an unfavorable lease. In an attempt to justify the County's assessment at a higher rate, the County attorney says that when contract rents are below economic rents, the landlord, in effect, has made the tenant his partner. Therefore, the landlord no longer owns the full fee simple interest and, if the assessment does not include the tenant's "leasehold interest," the full fee simple interest would not be taxed.

■ We have previously rejected the County's argument that any method of assessment which gives effect to a contract rental rate below the economic rental rate violates the constitutional mandate to tax the full market value of the fee simple interest. In *Donatelli & Klein* we stated, "[a]lthough the interest being valued is the fee, consideration of the actual income from existing contracts is mandated." 228 Va. at 631, 325 S.E.2d at 348. Indeed, in *Donatelli & Klein* and in *Ginsberg*, we sustained the trial courts' reductions of assessments necessary to reflect the diminished market values of the assessed properties, as evidenced by

their recent sales at a time when they were subject to long-term leases at rates below economic rent.

The Van Buren Building, which is also in Crystal City and was the subject of our adjustment in *Ginsberg*, was sold 14 days before the assessment in this case at a figure which represented $36.30 per square foot for the net rental area on December 18, 1979. Most of that building was subject to a 20-year lease to the federal government at an annual rental of $5.10 per square foot. Here, using contract rent as a factor, the taxpayers' expert witness computed the total value of these properties at $37,985,700, or approximately $40 per square foot rental area.

The assessor used the June 1980 sale of another office building within the same complex as the Van Buren Building, known as the Pierce and Fillmore Building, as the most comparable sale to establish the fair market value of these properties. The Pierce and Fillmore Building was not shown to be subject to contract rents below economic rent, and its sale price represented $67.35 per square foot of rental area (whether gross or net rental area not specified). The tax assessment of $57,787,000 on the buildings in this case results in a fair market value of approximately $60 per square foot for the net rental areas of the buildings in dispute. Obviously, when the tax assessor ignored the contract rentals on these buildings (and apparently the Van Buren Building as well), it had a significant adverse impact on the computation of the fair market value of these properties.

Because neither the assessor nor the trial court factored the contract rent into a determination of the fair market value of these properties, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

COMPTON, J., dissenting.

In my view, the taxpayers failed to rebut the "clear presumption" in favor of the validity of the assessment. They did not establish the required "manifest error" in the manner the estimate was made or show that evidence which should be controlling has been disregarded by the County or the trial court. I am of opinion that the taxpayers failed to demonstrate that full and proper consideration to contract rent was not given by the assessor in reach-

ing a conclusion about the income on which to base to the capitaliation process.

Accordingly, I would affirm the judgment of the trial court.

CARRICO, C.J., joins in dissent.