**TARRANT APPRAISAL DISTRICT and Tarrant Appraisal Review Board, Appellants,**

v.

**AMERICAN AIRLINES, INC., Appellee.**

No. 2–91–103–CV.

Court of Appeals of Texas, Fort Worth.

March 11, 1992.

Rehearing Overruled April 8, 1992.

Brown, Herman, Scott, Dean & Miles, and Beale Dean and Richard E. Miles, Fort Worth, for appellants.

Kelly, Hart & Hallman and Dee J. Kelly, Donald E. Herrmann, and Nancy P. Carlson, Fort Worth, for appellee.

## OPINION

FARRIS, Justice.

Tarrant Appraisal District (TAD) and Tarrant Appraisal Review Board (TARB) appeal a judgment entered in favor of American Airlines, Inc. The sole issues on appeal are: (1) what property interest of American is to be evaluated; and (2) what is the proper method to evaluate that interest.

American filed two lawsuits appealing the order of TARB determining the appraised value of American's interest in certain land and improvements for the purposes of ad valorem taxes for the years 1988, 1989 and 1990. American leases 300 acres of land and improvements from the DFW Regional Airport Board (DFW Board), which results in a taxable leasehold estate to American because the DFW Board is an exempt owner. See TEX.CONST. art. VIII, §§ 2, 9; TEX.TAX CODE ANN. § 25.-07(a) (Vernon Supp.1992) and § 23.13 (Vernon 1982). The suits were consolidated and submitted to the court upon an Agreed Statement of Facts pursuant to TEX.

R.CIV.P. 263; and both parties moved for judgment.

American contended in the Agreed Statement of Facts that the proper interest to be appraised is its leasehold interest, and that the proper method of valuation for that interest is American's equity or profit in the lease. Such a valuation results in a leasehold interest with "zero value" because the contract rent under American's lease is equal to the fair market rent of the property for the years in question. Therefore, pursuant to TEX.TAX CODE ANN. § 23.13 (Vernon 1982), the taxable value would be the total rental paid for each of the three years, or $13,624,037 for 1988, $13,804,112 for 1989 and $13,800,000 for 1990, which results in ad valorem taxes of $299,318.60 in 1988, $322,234.64 in 1989 and $336,341.33 in 1990.

On the contrary, TAD and TARB asserted in the Agreed Statement of Facts that the interest to be appraised is American's right to exclusive possession and use of the property for the remaining term of the lease, and the proper method of valuation is the "possessory interest method." Such valuation involves capitalizing the rental for the remainder of the lease and results in a taxable value of $78,892,538 for 1988, $78,892,538 for 1989 and $92,145,760 in 1990. The ad valorem taxes for such values would be $1,733,253.46 for 1988, $1,841,611.00 in 1989 and $2,245,625.50 in 1990.

The trial court rendered judgment in favor of American finding that the property interest to be evaluated is the leasehold interest of American, and the proper method of valuation is the "equity method," rather than the possessory interest method asserted by TAD and TARB. We agree and overrule all points of error.

No Texas cases address the meaning of section 23.13 even though the valuation of leasehold estates on tax-exempt property is a growing problem, especially in the area of airport property where airlines frequently lease large tracts of acreage, and at a time when taxing districts are forced to seek more revenue. *Inconsistencies In Assessments of Leasehold Estates on Tax–*

*Exempt Real Property*, 6 Tax Mgmt.Real Est.J. 138 (BNA) (July 4, 1990). The Tax Code contains several sections relevant to the issue before us. Tex.Tax Code Ann. § 23.13 states:

A taxable leasehold or other possessory interest in real property that is exempt from taxation to the owner of the estate or interest encumbered by the possessory interest is appraised at the market value of the leasehold or other possessory interest. However, the appraised value may not be less than the total rental paid for the interest for the current tax year.

Tex.Tax Code Ann. § 23.13 (Vernon 1982). TAD and TARB argue that the interest to be appraised under this statute is American's right to the sole and exclusive possession and use of the land and improvements during the remaining term of its 40–year lease, or "in other words the present value of the lease rentals in the market—the amount a willing lessee will pay a willing lessor, in a voluntary transaction, for the right to use and occupy the premises during the remaining term of the lease." American, on the other hand, argues that the interest to be appraised is American's leasehold interest and the proper method of valuation is the equity method, or "the difference between the market and contract rents...."

TAD and TARB base their argument upon legislative intent and statutory construction of section 23.13 after its codification. Prior to codification, section 23.-13, former article 7174(e), provided:

[T]axable leasehold estates on exempt property shall be valued at such price as such leasehold estates would bring at a voluntary sale thereof for cash, based upon the value of a comparable improvement if located on non-exempt property, with reductions for reversionary interests, restrictions on use, and credit for normal rental, except that the value of a leasehold may not be less than the total annual rental for the leasehold for the year in which it is valued.

Act of June 15, 1977, 65th Leg., R.S., ch. 617, § 2, 1977 Tex.Gen.Laws 1523, 1524, *repealed by* Act of June 13, 1979, 66th Leg., R.S., ch. 841, § 6(a)(1), 1979 Tex.Gen. Laws 2217, 2329. Article 7174(e) only addressed a leasehold estate, whereas the codification addresses "leasehold or other possessory interest in real property...." *See* Tex.Tax Code Ann. § 23.13 (Vernon 1982). Furthermore, possessory interest is defined as "an interest that exists as a result of possession or exclusive use or a right to possession or exclusive use of a property and that is unaccompanied by ownership of a fee simple or life estate in the property." Tex.Tax Code Ann. § 1.04(16) (Vernon 1982). TAD and TARB argue because American has both the right to possession and exclusive use under the terms of its lease with the DFW Board, it has a "possessory interest" as defined by section 1.04(16), and, as such, its possessory interest is taxable. TAD and TARB maintain that this method of valuation is consistent with the legislature adding "or other possessory interest" to the statute when codified.

To the contrary, American argues that the property interest to be valued is the leasehold estate and that the valuation should be calculated by the equity method, as was the case when article 7174(e) was in effect. *See* Act of June 15, 1977, 65th Leg., R.S., ch. 617, § 2, 1977 Tex.Gen.Laws 1523, 1524, *repealed by* Act of June 13, 1979, 66th Leg., R.S., ch. 841, § 6(a)(1), 1979 Tex.Gen.Laws 2217, 2329. American contends that the equity method was intended under article 7174(e) as illustrated by the language "valued at such price as such leasehold estates would bring at a voluntary sale thereof for cash...."

Section 23.01 provides that "all taxable property is appraised at its market value as of January 1." Tex.Tax Code Ann. § 23.-01(a) (Vernon 1982). "Market value" is further defined as:

[T]he price at which a property would transfer for cash or its equivalent under prevailing market conditions if:

(A) exposed for sale in the open market with a reasonable time for the seller to find a purchaser;

(B) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restrictions on its use; and

(C) both the seller and purchaser seek to maximize their gains and neither is in a position to take advantage of the exigencies of the other.

TEX.TAX CODE ANN. § 1.04(7) (Vernon 1982). However, market value, although defined by statute, may be calculated by various methods as illustrated by the arguments of the parties to this lawsuit. Thus, we are left to decide which method is appropriate and consistent with the laws of this State. As such, we hold that the equity method as set forth by American is the proper method.

▆ TAD and TARB have misconstrued the significance of the adding of the phrase "or other possessory interest" when article 7174(e) was codified. The codification clearly retained the phrase "leasehold," and the addition of "possessory interest" merely broadened the types of interests which may be taxed under the statute. *See* Op.Tex.Att'y Gen. No. JM–1049 (1989) (easement granted by School Land Board taxable to holder of easement); Op.Tex. Att'y Gen. No. JM–59 (1983) (concessionaire's right in state park granted by Texas Parks and Wildlife Department is taxable). Moreover, tax statutes must be construed with strictness against the taxing authority. *See Bullock v. Statistical Tabulating Corp.*, 549 S.W.2d 166, 169 (Tex.1977); *Wilson Communications, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex.1970). Thus, the legislature did not express a plain and unambiguous intent to create a new method of appraisal.

In addition, when the terms "leasehold" and "possessory interest" appear in the Tax Code, they appear in the disjunctive. *See, e.g.,* TEX.TAX CODE ANN. § 25.07 (Vernon Supp.1992) and § 23.13 (Vernon 1982). Because a statute is to be construed to give meaning to all its parts, some meaning must have been intended by the distinction between the two, and we hold that reason was as stated above, to broaden the types of possessory interests which may be taxed, not to change the method of appraisal as TAD and TARB argue. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988).

Furthermore, when the legislature codified article 7174(e), it retained some language which is illustrative of its intent to set forth the equity method of valuation. Article 7174(e) provided that "the value of a leasehold may not be less than the total annual rental for the leasehold for the year in which it is valued," while section 23.13 states "the appraised value may not be less than the total rental paid for the interest for the current tax year." *See* Act of June 15, 1977, 65th Leg., R.S., ch. 617, § 2, 1977 Tex.Gen.Laws 1523, 1524, *repealed by* Act of June 13, 1979, 66th Leg., R.S., ch. 841, § 6(a)(1), 1979 Tex.Gen.Laws 2217, 2329; TEX.TAX CODE ANN. § 23.13 (Vernon 1982). The equity method takes into account whether the contract rent being paid is more, less or equal to the market or economic rent. *See Inconsistencies In Assessments of Leasehold Estates on Tax–Exempt Real Property, supra.* If the contract rent is more than economic rent, then the leasehold estate will have negative value. *Id.* If the contract rent is less than the economic rent, then the leasehold estate has positive value. *Id.* If the two rental values are equal, the leasehold has zero value. *Id.* However, the language of the statute protects against the escape of taxation if the leasehold has negative or zero value because the valuation of the interest will in no event be less than the rental paid for the current tax year. *See* TEX.TAX CODE ANN. § 23.13 (Vernon 1982). By its very terms, the statute contemplates the negative or zero value scenarios and provides a minimum tax to be paid. This provision of the statute would be illogical under the possessory interest method asserted by TAD and TARB because such method involves capitalizing the rent remaining for the term of the lease. It would be mathematically impossible for this amount to be less than the contract rent for the tax year. We cannot attribute a useless purpose to a legislative act.

*Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 551 (Tex.1981).

Although TAD and TARB point to five jurisdictions which have decided to employ the possessory interest method of valuation to leasehold estates, we believe such method is not supported by the principles of real property or appraisal industry standards. *See Inconsistencies In Assessments of Leasehold Estates on Tax–Exempt Real Property, supra. But see Board of Supervisors v. Nassif,* 223 Va. 400, 290 S.E.2d 822 (1982); *Haines v. Anaconda Aluminum Co.,* 87 Wash.2d 28, 549 P.2d 13 (1976); *People v. TransWorld Airlines, Inc.,* 43 Ill.2d 174, 251 N.E.2d 225 (1969); *Portland General Electric Co. v. State Tax Comm'n,* 249 Or. 239, 437 P.2d 827 (1967); *DeLuz Homes, Inc. v. County of San Diego,* 45 Cal.2d 546, 290 P.2d 544 (1955). Under a leasehold situation, the lessor's rights are the right to receive rental income for the duration of the lease together with a right to reversion. *Cherokee Water Co. v. Gregg County Appraisal Dist.,* 801 S.W.2d 872, 875 (Tex.1990). *See also Inconsistencies In Assessments of Leasehold Estates on Tax–Exempt Real Property, supra.* The lessee's right is to use and occupy the lease premises for the term of the lease. *Id.* The possessory interest method, by capitalizing the rent remaining for the duration of the lease, is charging the taxable lessee with the tax-exempt lessor's property value. *Id. See also Cherokee Water Co. v. Gregg County Appraisal Dist.,* 773 S.W.2d 949, 955 (Tex. App.—Tyler 1989), *aff'd,* 801 S.W.2d 872 (Tex.1990) (leasehold value is subsumed within value of fee simple estate); *Dallas Cent. Appraisal Dist. v. Jagee Corp.,* 812 S.W.2d 49, 53 (Tex.App.—Dallas 1991, writ denied) (value of entire fee necessarily contains lesser value of leasehold it includes). Moreover, assuming that a lease results from an arm's length transaction, the contract rent represents the value of the possessory right at the time the lease is made, and that belongs to the lessor. *See Cherokee Water Co.,* 801 S.W.2d at 875; *see also Inconsistencies In Assessments of Leasehold Estates on Tax–Exempt Real Property, supra.* In the case of tax-exempt les-

sors, the negotiated contract rent takes into account the tax liability of the taxable lessee. *See Cherokee Water Co.,* 801 S.W.2d at 875 n. 3; *Dallas Cent. Appraisal Dist.,* 812 S.W.2d at 53; *A.J. Robbins & Co. v. Roberts,* 610 S.W.2d 854, 856 (Tex. Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

Our decision is in agreement with some other jurisdictions which have addressed the issue. *See, e.g., Kentucky Dept. of Revenue v. Hobart Mfg. Co.,* 549 S.W.2d 297 (Ky.1977); *Frontier Airlines v. State Tax Comm'n,* 528 S.W.2d 943 (Mo.1975); *Cutter Flying Serv., Inc. v. Property Tax Dept.,* 91 N.M. 215, 572 P.2d 943 (Ct.App. 1977); *Metropolitan Gov't v. Schatten Cypress Co.,* 530 S.W.2d 277 (Tenn.1975); *see also United States v. Metropolitan Gov't,* 808 F.2d 1205 (6th Cir.1987) (applying Tennessee law). The courts in these jurisdictions based their decisions upon the valuation of leaseholds in condemnation proceedings. *See Schatten Cypress Co.,* 530 S.W.2d at 281 (valuation of lease for tax or condemnation purposes is accomplished by determination of excess of fair rental value over contract rental); *Cutter Flying Serv.,* 572 P.2d at 950 (determining market value of leases is well established in law of condemnation). Likewise, Texas also adheres to the equity method in valuation of leaseholds subject to condemnation. *See Luby v. City of Dallas,* 396 S.W.2d 192, 198 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.).

As such, we hold that the equity method is the proper method to appraise a leasehold interest on tax-exempt property because such method is consistent with statutory construction, with the principles of real property and with appraisal industry standards. The judgment of the trial court is affirmed.

LATTIMORE, J., not participating.