**WACKENHUT CORRECTIONS CORPORATION,**
Appellant,

v.

**BEXAR APPRAISAL DISTRICT,**
Appellee.

No. 04–01–00733–CV.

Court of Appeals of Texas,
San Antonio.

July 31, 2002.

Christopher J. Simpson, Joseph M. Harrison, IV, Brusniak Harrison & McCool, P.C., Floresville, for appellant.

Dale Wilson, Law Office of Dale Wilson, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Wackenhut Corrections Corporation appeals the trial court's dismissal of its claim that its leasehold interest in the Bexar County jail is exempt from ad valorem taxation pursuant to article XI, section 9 of the Texas Constitution. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Wackenhut leases the former Bexar County jail from Bexar County for operation of a privatized correction/detention facility. Seven years after the inception of the lease, the Bexar County Appraisal District ("BCAD") notified Wackenhut that the appraised value of the property for tax year 2000 had been set at $1,487,600. Sometime thereafter, Wackenhut filed its Motion to Correct Appraisal Roll. In its motion, Wackenhut challenged the assessed value and requested removal of the property from the appraisal roll because it was exempt. *See* TEX. TAX.CODE ANN. § 25.25(c)–(d) (Vernon 2001). After a hearing, the Appraisal Review Board denied Wackenhut's motion; and Wackenhut filed suit.

The Appraisal District filed a partial plea to the jurisdiction arguing that Wackenhut's exclusive means to challenge the inclusion of the property on the tax rolls was a protest pursuant to chapter 41 of the Texas Tax Code. The trial court agreed and granted the Appraisal District's par-

tial plea to the jurisdiction. On appeal, this court also agreed but nonetheless vacated the trial court's order and remanded the cause for proceedings on Wackenhut's remaining claims "under Chapter 41 of the Texas Property Tax Code, as well as constitutional issues under Art. 8, §§ 1 & 20 of the Texas Constitution." *Bexar Appraisal Dist. v. Wackenhut Corrections Corp.*, 52 S.W.3d 795, 797 (Tex.App.-San Antonio 2001). On remand, Wackenhut filed its Third Amended Petition, reasserting its original causes of action and adding another cause of action under article XI, section 9 of the Texas Constitution. The Appraisal District then filed a second plea to the jurisdiction. The trial court granted this plea and dismissed the cause. On appeal, Wackenhut challenges only the dismissal of its claim under article XI, section 9 of the Texas Constitution.

### STANDARD OF REVIEW

We review the trial court's determination of subject matter jurisdiction, including its construction of pertinent statutes, de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. The court should, of course, confine itself to the evidence relevant to the jurisdictional issue." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

### SCOPE OF PLEA TO JURISDICTION

Wackenhut first argues the trial court erred in granting the District's plea, because it does not address Wackenhut's

claim under article XI, section 9 of the Texas Constitution. We disagree. The District's plea is all-encompassing. The plea argued that Wackenhut's failure to file a chapter 41 protest "require[d] the dismissal of Wackenhut's claim for that year"; and it specifically referenced, quoted at length, and attached an attorney general opinion ruling that a leasehold interest of public land "is taxable in the hands of the owner of that interest"—an opinion that Wackenhut's attorney admitted at the plea hearing "really goes to the merits of the case." *See* Op. Tex. Att'y Gen. No. JM–59 (1983). Recognizing the all-encompassing nature of the District's plea, Wackenhut's response meets the Appraisal District's "argu[ment] that the administrative appeal scheme in the [Tax] Code, together with the exclusivity of remedy provisions of [Tax] Code § 42.09, limit the use of or rights created by Article XI, Section 9" with *Sweetwater Indep. Sch. Dist. v. ReCor, Inc.,* 955 S.W.2d 703 (Tex. App Eastland 1997, pet. denied), in which, Wackenhut argued, "the [Appraisal District's] argument has been expressly rejected."

■ Under these circumstances, we hold the District's plea to the jurisdiction—while not a model of clarity—sufficiently raises its alleged jurisdictional impediment to Wackenhut's claim under article XI, section 9 of the Texas Constitution.

### DISCUSSION

Wackenhut argues it was not required to exhaust its administrative remedies by filing and pursuing a protest as a prerequisite to judicial review because the exemption it seeks under article XI, section 9 of the Texas Constitution is automatic or "self-operative." We disagree.

■ The Texas Tax Code expressly provides that "[e]xcept as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed." TEX. TAX CODE ANN. § 25.25(a). Chapters 41 and 42 provide for changing the appraisal roll through the protest procedure—filing a protest, resolution of the protest by the appraisal review board, and judicial review of the board's order. *See, e.g., id.* §§ 41.41(a)(3) (protest of "inclusion of the owner's property on the appraisal records") and 42.015 (appeal by lessee). Thus, section 42.09 provides that, with certain exceptions not applicable here, "procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive...." *Id.* § 42.09(a). These provisions are consistent with "[t]he intent of the administrative review process ... to resolve the majority of tax protests at this level, thereby relieving the burden on the court system" and "[t]he corollary to this rule ... that judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent." *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 954 (Tex.1990). Wackenhut distinguishes cases holding that a taxpayer must pursue its protest remedy before seeking judicial review by the "self operative" nature of the constitutional provision upon which Wackenhut relies—article XI, section 9 of the Texas Constitution.

Article XI, section 9 provides in relevant part that "[t]he property of counties, cities and towns, owned and held only for public purposes ... shall be exempt ... from taxation...." TEX. CONST. art. XI, § 9; *see also* TEX. TAX CODE ANN. § 11.11(a) (Vernon 2001). And, as Wackenhut correctly argues, the article XI, section 9 exemption has been held to be "self-operative." *A. & M. Consol. Indep. Sch. Dist. v. City of Bryan,* 143 Tex. 348, 350, 184 S.W.2d 914, 915 (1945). The Tax Code thus provides

that the exemption "is effective immediately on qualification for the exemption," TEX. TAX CODE ANN. § 11.42(b); and no application is required. *See id.* § 11.43(a).

However, the Tax Code also provides that "[a] taxable leasehold or other possessory interest in real property that is exempt from taxation to the owner of the estate or interest encumbered by the possessory interest is appraised at the market value of the leasehold or other possessory interest," *id.* § 23.13; in these circumstances, the leasehold interest "shall be listed in the name of the owner of the possessory interest if the duration of the interest may be at least one year." *Id.* § 25.07(a). *See, e.g., Tarrant Appraisal Dist. v. American Airlines, Inc.,* 826 S.W.2d 767, 771 (Tex.App.-Fort Worth 1992, writ denied) (holding that "equity method is the proper method to appraise a leasehold interest on tax-exempt property").

■ In short, under the Tax Code, the former Bexar County jail now consists of two property interests: (1) the land and improvements owned by Bexar County; and (2) the leasehold interest in the land and improvements owned by Wackenhut. When viewed in this manner, it can be easily seen that Wackenhut's leasehold interest is not county property within the meaning of article XI, section 9 of the Texas Constitution. *See Leander Indep. Sch. Dist. v. Cedar Park Water Supply Corp.,* 479 S.W.2d 908, 912 (Tex.1972) (holding article I, section 9 "authorizes the Legislature to exempt only publicly owned property used for public purposes").

#### CONCLUSION

We hold that, because Wackenhut is not entitled to claim an article XI, section 9 exemption for its leasehold interest in the former Bexar County Jail as a matter of law, the trial court correctly granted

BCAD's plea to the jurisdiction. In light of our holding, we deem it unnecessary to decide either whether the state or a political subdivision entitled to claim an article XI, section 9 exemption must do likewise or whether Wackenhut's use of the property is for public purposes.

ALMA L. LÓPEZ, J., concurs in the judgment.