Opinion filed September 21, 2006




















 
 
  
 
 







 
 
  
 
 




Opinion filed September 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00048-CV 

                                                    __________

 

                    MIDLAND CENTRAL APPRAISAL DISTRICT AND 

           MIDLAND
COUNTY APPRAISAL REVIEW BOARD, Appellants

                                                             V.

         PLAINS
MARKETING, L.P., A TEXAS LIMITED PARTNERSHIP,

     AND PLAINS
MARKETING GP INC., GENERAL PARTNER, Appellees

 



 

                                         On
Appeal from the 238th District Court

                                                        Midland County, Texas

                                                 Trial
Court Cause No. CV45076

 



 

                                                                   O
P I N I O N

 

This is an ad valorem tax suit.  Plains Marketing, L.P., a Texas Limited
Partnership, and Plains Marketing GP Inc., General Partner, (collectively APlains@)
filed suit to appeal the assessment of taxes on three crude oil inventory
accounts.  The Midland Central Appraisal
District and Midland County Appraisal Review Board responded by challenging the
trial court=s
jurisdiction.  The trial court denied
their challenge, and an interlocutory appeal was filed.  We affirm.

                                                              I.
Background Facts








Plains maintains various crude oil inventory
accounts in Midland
 County.  Plains is a midstream company.  It has no production or refineries but buys
and resells crude oil.  Oil is purchased,
collected, and stored in tank farms before delivery.  The vast majority of Plains=s oil is shipped to Cushing, Oklahoma.

In 2004, Plains received notices from the Midland
Central Appraisal District of the appraised value of its accounts.  Plains filed notices of protest for each
account and a motion to correct error for property Plains contended had an
appraised value that exceeded the property=s
actual value by more than one-third. 
Each notice of protest provided in a section labeled ANATURE OF PROTEST@ the following:

B
Value on property above market value of property

B
Value on property excessive in comparison with other similar property

B
Other:

The Midland County Appraisal Review Board held a
hearing on Plains=s
protests.  Plains=s
notices did not reference the Interstate Commerce Clause,[1]
but this issue was discussed during the hearing.  At the beginning of the hearing, an
individual associated with the Appraisal District described the dispute for the
Appraisal Review Board:

Uh,
if I can assume agreement, I=ll
try to limit my putting words into the property owner=s
mouth.  Uh, we are here today to decide
on the tax value and, or taxable nature of some property which is some oil
inventory.  Most, if not all of you, were
here several months ago when we had a similar issue arise.  Uh, this is very similar, but it is also
different in some ways.  Uh, what we have
here is oil in a number of gathering tanks, uh, present on September 1
appraisal date.  And the owner in this
case is Plains, Plains Marketing, and the, the issue that was before you the
previous time was, is this oil have B
or does this oil have situs in Midland
 County.  What the issue that will be raised before you
today B and
again, if I may put words B
or limit my words in the property owner=s
mouth B is, is
this property exempt because it is interstate commerce?

 

The
appraisal district will contend it was not so protested.  It was only protested for value.  But be that as it may, we=ll B
I=m sure the property owner will have
some words to say about that.  Uh,
basically everything is similar.  We=ve had to do some paper shuffling.  We=ve
already settled several matters that were before you, and so only the Plains
matters are before you now.

 








At the conclusion of the hearing, the Appraisal Review Board
voted to deny Plains=s
protests and accept the Appraisal District=s
recommended value.  That decision was
confirmed by subsequent written orders. 
The orders made no reference to Plains=s
exemption contention or the Appraisal District=s
contention that the exemption issue had not been properly protested.  Plains then filed suit in district court
appealing the tax assessments on three accounts.

The parties filed cross motions for summary
judgment.  The Appraisal District and the
Appraisal Review Board argued, in part, that the trial court lacked
jurisdiction because Plains had not exhausted its administrative remedies.  The trial court denied both motions.  The Appraisal District and the Appraisal
Review Board filed an interlocutory appeal challenging the trial court=s jurisdictional ruling.

                                               II.
Issues

The Appraisal District and the Appraisal Review
Board challenge the trial court=s
denial of their motion for summary judgment with two issues, arguing that
Plains failed to exhaust its administrative remedies and, therefore, that the
trial court lacked jurisdiction.

                                                            III.
Standard of Review

We review the trial court=s
determination of subject-matter jurisdiction, including its construction of
pertinent statutes, de novo.  See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex.
1998).

                                                                   IV.
Discussion

 

A.        Is The Failure to Exhaust The Property Tax
Code=s
Administrative Remedies a Jurisdictional Bar to a Taxpayer=s Appeal?

 

The Appraisal District and the Appraisal Review
Board argue that a taxpayer must follow the procedures specified in the Texas
Property Tax Code before filing an appeal or else the trial court lacks
subject-matter jurisdiction.  Plains
acknowledges that this was once true but contends that the Texas Supreme Court
altered that rule and that now any failure to exhaust administrative remedies
operates as a defense rather than a jurisdictional bar.  We agree with Plains that the Texas Supreme
Court reduced the instances in which a party can raise a statutory issue as a
jurisdictional bar but find that, when an administrative body is vested by the
legislature with a fact-finding responsibility, participation in the
administrative process is a jurisdictional requirement.








The Texas Supreme Court held that compliance with
the statutory requirements for an appraisal review is jurisdictional in Appraisal
Review Bd. v. Int=l
Church of Foursquare Gospel, 719 S.W.2d 160, 160 (Tex. 1986).  Subsequently, however, the court held that
compliance with the statutory requirements for asserting a wrongful death claim
was case-determinative but not jurisdictional. 
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000).  The court justified the subsequent holding by
reference to the preference for final judgments.  Id.  Allowing statutory prerequisites to become
synonymous with jurisdictional limitations presents a fundamental problem: A[A] judgment will never be considered
final if the court lacked subject-matter jurisdiction@
because A[t]he
classification of a matter as one of [subject-matter] jurisdiction . . . opens
the way to making judgments vulnerable to delayed attack for a variety of
irregularities that perhaps better ought to be sealed in a judgment.@ Id.  (alteration in original).

Kazi=s
impact on taxpayer appeals is unsettled. 
The opinion does not discuss them, and the court has not since directly
addressed the question.  It has, however,
acknowledged the pendency of this issue. 
In Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.,
165 S.W.3d 329 (Tex. 2005), the court considered a challenge to the tax
appraisal of salt dome caverns used to store liquid hydrocarbons.  The appraisal district contended that the
trial court lacked jurisdiction because of other proceedings before the
appraisal review board involving a third party. 
Id.
at 331. The court found against the appraisal district on the procedural issue
but wrote: A[A]
taxpayer=s failure
to pursue an appraisal review board proceeding deprives the courts of
jurisdiction to decide most matters relating to ad valorem taxes.@ 
Id.  However, in a footnote to that sentence, the
court also noted that it had yet to address whether this rule had survived the Kazi
decision.  Id. at 331 n.5.

The court recently relied upon the Matagorda County decision to conclude that
taxpayers who did not file a protest of their ad valorem tax assessment with
the appraisal review board could not challenge that assessment in district
court because they had not exhausted their administrative remedies.  Cameron Appraisal Dist. v. Rourk, 194
S.W.3d 501 (Tex.
2006).  The court did not cite Kazi
but did discuss the difference between pure legal questions and factual
determinations.  The court held that
legal issues, such as the constitutionality of a particular action, could be
challenged without exhausting administrative remedies but that fact-dependent
issues, such as the taxability of a trailer due to its size, shape, and
intended use, could not.  Id. at 502.








Since Kazi, the court has considered
whether the failure to exhaust administrative remedies is jurisdictional in a
variety of circumstances.  For example,
in Thomas v. Long, No. 03-0204, 2006 WL 1043429 (Tex. April 21, 2006), Long was terminated
from the Harris County Sheriff=s
Office.  She appealed her termination to
the Sheriff=s
Department=s Civil
Service Commission.  The Commission found
for Long and ordered her reinstated.  The
Sheriff=s
Department advised Long that before returning to work she was required to pass
a physical ability test.  She refused and
filed suit.  Id. at *1.  The court found that the Commission had
exclusive jurisdiction over Long=s
claims; noted that a trial court lacks jurisdiction unless administrative
remedies have been exhausted; and then held that, because Long did not return
to the Commission with her complaint over the physical ability test, the trial
court had no jurisdiction.  Id. at *6-7.

In Wilmer-Hutchins ISD v. Sullivan, 51 S.W.3d
293 (Tex.
2001), the plaintiff claimed she was fired for filing a workers= compensation claim.  She did not file a grievance, and the court
held that her failure to exhaust administrative remedies was a jurisdictional
bar.  In Gen. Servs. Comm=n v. Little-Tex Insulation Co., 39
S.W.3d 591, 595-98 (Tex. 2001), and Tex. Dep=t
of Transp. v. Aer-Aerotron, Inc., 39 S.W.3d 220, 220-21 (Tex. 2001), the
court held that a party who files a breach of contract suit against a
governmental entity under Tex. Civ.
Prac. & Rem. Code Ann. ch. 107 (Vernon 2005 & Supp. 2006) must
first exhaust its administrative remedies under Tex. Gov=t Code Ann. ch. 2260 (Vernon 2000 &
Supp. 2006).

Conversely, the court found that the Texas Tort
Claims Act=s
pre-suit notice requirement  for medical
malpractice claims[2]
was not jurisdictional. Univ. of Tex. Sw.
Med. Ctr. at Dallas v. Loutzenhiser, 140
S.W.3d 351 (Tex.
2004).  The court held that the
distinction between jurisdictional and non-jurisdictional statutory
prerequisites turns on legislative intent and that this intent can be
ascertained by looking at the statute=s
language and purpose.  The court held
that the notice requirement was not jurisdictional because it merely promoted
settlement. Id.
at 361-62.  It distinguished several
cases where statutory compliance was jurisdictional by noting that they
involved the failure to exhaust administrative remedies.  Id.
at 361 n.46.  The court cited Essenburg
v. Dallas County, 988 S.W.2d 188, 189 (Tex. 1998), for the statement that a
Afailure to exhaust administrative
remedies may deprive courts of subject matter jurisdiction in the dispute . . .
because the Legislature in conferring jurisdiction upon an agency expresses its
will to have the agency resolve disputed issues of fact and policy.@ 
An Aexhaustion
requirement seeks to assure that the appropriate body adjudicates the disputeCthe hallmark of a jurisdictional
statute.@ Id.








The Property Tax Code, just as every other statute
recently considered by the supreme court, speaks in mandatory terms.  Tex.
Tax Code Ann. '
42.09 (Vernon 2001) expressly provides that the procedures prescribed by Title
1 of the Code for the adjudication of a tax protest are exclusive.  Tex.
Tax Code Ann. '
41.41 (Vernon 2001) sets out the grounds upon which a taxpayer may present a
protest to the review board.  Tex. Tax Code Ann. ' 41.44 (Vernon Supp. 2006) governs
notices of protest.  Tex. Tax Code Ann. ' 41.45 (Vernon 2001) provides for a
hearing on any protest, and Tex. Tax
Code Ann. ' 41.47
(Vernon 2001) governs the board=s
determination of that protest.  Finally, Tex. Tax Code Ann. ' 42.01 (Vernon 2001) gives a property
owner the right to appeal the appraisal review board=s
determination of the protest. 

The Property Tax Code, however, does not specify
the consequences if a party fails to exhaust its administrative remedies. We
turn, therefore, to consideration of the statute=s
purpose.  This requires us to ask:  Who did the legislature intend to make the
initial factual and policy determination when a taxpayer wishes to challenge a
tax appraisal?[3]  For if the legislature vests an
administrative agency with initial decision-making authority over a particular
matter, it is clear that the legislature intended that this agency be afforded
the opportunity to address the dispute before judicial review is
appropriate.  If judicial review becomes
a substitute process rather than an appeal, courts have usurped the legislature=s intended process.  If, however, the statute merely provides for
other mandatory action which a party must undertake before pursuing a claim or
cause of action, the requirement may serve many purposes; but those purposes
are fundamentally different from vesting an administrative agency with the
initial decision-making authority. 
Consequently, the failure to comply with the statute may bar any claim
for relief, but it is not jurisdictional because the legislature=s intended decision-making process is
honored.








In Hubenak v. San Jacinto Gas Transmission Co.,
141 S.W.3d 172, 183-84 (Tex.
2004), the plaintiffs were required to state in their petition that the
condemnor and property owner were unable to agree on damages.  In Loutzenhiser, 140 S.W.3d 351, the
plaintiffs were required to provide notice of a potential medical malpractice
claim.  In Kazi, 12 S.W.3d 71, the
plaintiffs were required to establish that India
had equal treaty rights with the United States.  No administrative agency was tasked with
making the initial determination if the property owner and condemnor were
unable to agree in Hubenak, the notice was sufficient in Loutzenhiser,
or if India does in fact
have equal treaty rights with the United States.  Allowing the trial court to make these
decisions in the first instance would not interfere with the relevant statutes= purposes.

We think it is clear that, when a property owner
alleges his property is exempt from taxation or has been overly appraised, the
legislature intended for the appraisal review board to make the initial factual
determination.  Consequently, a property
owner must exhaust its administrative remedies before seeking judicial review
of an exemption claim or property appraisal. 
The failure to do so is jurisdictional. 
We recognize that this approach leaves taxpayer appeal judgments
potentially vulnerable to collateral attack, but the legislature is best suited
to weigh the benefits of an initial administrative agency review versus the
costs of this vulnerability.

We also recognize that a sister court has held
that compliance with Section 42.09 is not a jurisdictional bar, but simply
limits the issues that may be raised by the property owner in subsequent
litigation.  Houston
ISD v. 1615 Corp., No. 14-04-00859-CV, 2005 WL 2787279, at *10 (Tex. App.CHouston [14th Dist.] Oct. 27, 2005, no
pet. h.).[4]  The court cited the Texas Supreme Court=s
decisions in Hubenak, Loutzenhiser, and Kazi[5]
in support of its determination.  In none
of these cases, however, did the litigation usurp the legislature=s grant of initial decision-making
authority to an administrative agency. 
We believe the Fourteenth
 Court failed to take into account the supreme
court=s
instructions concerning ascertainment of a statute=s
purpose.  Accordingly, we respectfully
disagree with our sister court=s
holding.  








Our result is consistent with the results of
several other intermediate court decisions. 
Courts have regularly found in instances where an administrative body
had initial decision-making responsibility that compliance with statutes
effectuating this authority were jurisdictional.[6]  Courts have also regularly found that
compliance with statutorily imposed procedures which do not involve the
decision-making authority of an administrative body are not jurisdictional.[7]  The Appraisal District and the Appraisal
Review Board=s first
issue is sustained.

B.  Did
Plains Exhaust its Administrative Remedies?

Having determined that Plains was required to
exhaust its administrative remedies, we must now determine if it did so.  The Appraisal District and the Appraisal
Review Board contend that Plains may not raise an issue before the trial court
unless it was first raised before the Appraisal Review Board.  See Quorum Int=l v. Tarrant Appraisal Dist., 114
S.W.3d 568, 572 (Tex. App.CFort
Worth 2003, pet. denied) (to preserve a specific issue for review in the
district court, the same issue must first be raised before the appraisal review
board).  They argue that, because Plains=s notices of protest did not
specifically raise an Interstate Commerce Clause exemption claim, it may not do
so now.  Plains answers that it did
exhaust its administrative remedies because the Interstate Commerce Clause issue
was raised, discussed, and determined by the Appraisal Review Board.  We agree with the trial court that this issue
was presented to, debated before, and denied by the Appraisal Review Board and
conclude, therefore, that Plains exhausted its administrative remedies.

Section 41.44 provides that a notice of protest is
sufficient if it identifies the property owner, the property, and indicates
apparent dissatisfaction with some determination of the appraisal office.  Courts have recognized that the legislature
rejected hypertechnical requirements for challenges to appraisal values when it
adopted the current tax protest mechanism. 
See, e.g., Burnet County Appraisal Dist. v. J.M. Huber Corp., Calcium
Carbonate Div., 808 S.W.2d 613, 615 (Tex. App.CAustin
1991, writ denied).  The Property Tax
Code was enacted in part because taxpayers rarely prevailed in challenging
appraisals.  Legal doctrines, controlling
presumptions, and burdens of proof proved insurmountable.  Valero Transmission Co. v. Hays Consol.
ISD, 704 S.W.2d 857, 859 n.1 (Tex. App.CAustin
1985, writ ref=d
n.r.e.).








We have previously held that the legislature
intended for the appraisal review board to make the initial decision on any tax
protest.  Texas courts have honored this intent by
consistently recognizing that a party may not protest on one ground to the
appraisal review board but assert a different ground before the district
court.  See, e.g., Quorum Int=l, 114 S.W.3d at 573; First Bank
of Deer Park v. Harris County, 804 S.W.2d 588, 592 (Tex. App.CHouston [1st Dist.] 1991, no writ).

It is clear that Plains=s
exemption claim was presented to the Appraisal Review Board.  The individual who described the upcoming
hearing to the Appraisal Review Board is not identified by name in the hearing
transcript, but his statements indicate that he was not associated with Plains
because of his repeated caveats that he was trying to avoid putting words into
the property owner=s
mouth.  From the context and content of
his statements, it is apparent that he was with the Appraisal District or was
acting on its behalf.  His description of
the upcoming hearing confirms that he was well aware of Plains=s claim that the property was exempt
under the Interstate Commerce Clause.  In
fact, he described it as Athe
issue@ which
would be presented.  This prediction was
accurate.  At the conclusion of the
hearing, Plains conceded that it did not disagree with the oil=s appraised value.  Its challenge was limited solely to the oil=s exemption status.  The Appraisal District and the Appraisal
Review Board ask this court to hold that, as a matter of law, Plains=s exemption claim was not raised before
the Appraisal Review Board.  Their
argument, however, addresses the adequacy of Plains=s
notices of protest.  They conclude that
whether the exemption issue was actually discussed is irrelevant to whether
Plains exhausted its administrative remedies. 
We disagree.  It is unnecessary
for this court to consider the adequacy of Plains=s
notices of protest.  Our task is to
determine whether the Appraisal Review Board considered Plains=s exemption claim.

Prior to the start of the hearing, the Appraisal
Review Board was alerted to the Appraisal District=s
argument that Plains=s
notices were insufficient; and, during the hearing, the Appraisal District=s counsel urged its present contention
that Plains could not assert an exemption claim because its notices of protest
did not specifically refer to the Interstate Commerce Clause or, in fact, claim
any exemption.  The Appraisal Review
Board could have disallowed any exemption discussion if it believed it was
outside the scope of Plains=s
notices or could have provided the Appraisal District with additional time to
prepare if that had been needed.  It did
neither.  Instead, both Plains and the
Appraisal District were allowed to fully discuss the issue.  During the hearing, one board member
specifically confirmed that the only issue being decided was Plains=s exemption claim.[8]








The Appraisal Review Board=s
discussion following the parties=
presentations further confirms that it considered and rejected Plains=s exemption claim.  After Plains acknowledged that it was not
contesting the appraised value but was alleging that the oil was exempt, one board
member stated:

Well,
I understand your problem, but I agree with what they decided last year.  What=s
in that tank, I think should be taxed.  I
mean, you=re going
to pass that tax on to us anyhow, so what difference does it make? [laughs] I
_____ [word inaudible] we go with what they voted last year and leave the tax
as is.

 

The reference to last year=s
decision referred to the Appraisal Review Board=s
prior decision that oil collected in a tank farm for subsequent delivery
represented inventory and was, thus, taxable. 
Plains argued that, because its oil was already committed when collected
and that it used the tank farms to accumulate enough product for delivery or
until a pipeline had available capacity for delivery, its oil was not inventory
and, thus, not taxable.

Administrative bodies such as the Appraisal Review
Board are typically given broad discretion in their procedures.  Those procedures, by tradition, necessity, or
design, tend to be less formal than the procedures utilized by trial
courts.  When determining whether a party
exhausted its administrative remedies, therefore, we do not view the proceedings
through the prism of our own procedural rules. 
Instead, we give deference to the administrative body=s hearing procedures and focus on its
ultimate decision.

The exhaustion of administrative remedies
requirement prevents a party from raising an issue in court that was not raised
below; but, more importantly, it honors legislative intent by deferring at
least the initial decision and policy making authority to the designated
body.  Plains=s
exemption claim was presented to the Appraisal Review Board.  It was not only discussed at length but also
debated and determined; it was the only issue of significance discussed or
decided.  Undoubtedly, Plains could have
done a much better job documenting this claim prior to the hearing, and its
notices highlight the risk of overdependence on forms.  However, that does not alter the fact that
the exemption claim was presented and determined.

Because the Appraisal Review Board considered and
rejected Plains=s
exemption claim, we find that Plains exhausted its administrative remedies and
that the trial court has subject-matter jurisdiction.  The Appraisal District and the Appraisal
Review Board=s second
issue is overruled.

                                                         V. Holding

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 21, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]U.S. Const. art. I, ' 8, cl. 3.





     [2]Tex. Civ. Prac. & Rem. Code Ann. ' 101.101(a) (Vernon 2005).





     [3]For
example, in Rourk, 194 S.W.3d 501, Matagorda County, 165 S.W.3d
329, and Church of Foursquare Gospel, 719 S.W.2d 160, it was the
appraisal review board.  In Long,
2006 WL 1043429, it was the civil service commission.  In Sullivan, 51 S.W.3d 293, it was the
grievance officer or committee. In Little-Tex Insulation, 39 S.W.3d 591,
and Aer-Aerotron, 39 S.W.3d 220, it was the administrative judge.  Unless compliance was treated as
jurisdictional, the relevant statutes= purpose
was frustrated.





     [4]The
court overruled a motion for rehearing in a supplemental opinion which may be
found at  2006 WL 2035569 (Tex. App.C Houston [14th Dist.] July 20, 2006, no pet. h.).





     [5]141
S.W.3d 183-84; 140 S.W.3d at 358-64; 12 S.W.3d at 75-77.





     [6]See,
e.g., El Paso County v. Navarrete, 194 S.W.3d 677 (Tex. App.CEl Paso
2006, pet. filed) (claimant must exhaust administrative remedies before suing
for sexual discrimination); Interstate Apartment Enters., L.C. v. Wichita
Appraisal Dist., 164 S.W.3d 448 (Tex. App.CFort
Worth 2005, no pet.) (failure to file Tex.
Tax Code Ann. ch. 41 (Vernon 2001 & Supp. 2006) protest complaining
of lack of notice is jurisdictional); Wackenhut Corrs. Corp. v. Bexar
Appraisal Dist., 100 S.W.3d 289 (Tex.
App.CSan 

Antonio 2002, no pet.) (judicial review of
administrative orders is not available unless all administrative remedies have
been pursued to the fullest extent).





     [7]See,
e.g., City of Seabrook v. Port of Houston Authority, No. 01-04-00925-CV,
2006 WL 1350909 (Tex. App.CHouston [1st Dist.] May 18, 2006, pet. filed) (statute
requiring city=s consent before port authority may condemn property
for right-of-way is not jurisdictional); Tex. Dep=t of Mental Health v. Olofsson, 59 S.W.3d 831 (Tex. App.CAustin 2001, pet. dism=d)
(whistleblower statute=s limitations period not jurisdictional); Sierra
Club v. Tex. Natural Res. Conservation Comm=n, 26 S.W.3d
684 (Tex. App.CAustin 2000), aff=d, 70 S.W.3d
809 (Tex. 2002) (procedural statutes governing an appeal from a TNRCC ruling
are not jurisdictional).





     [8]The
hearing transcript provides:

 

Kelly Cooke:  We
are talking about a bunch of different things, but really it comes down to, is
it or is it not.

Man 4:  In
interstate commerce. . . . That, that=s what
you all have to decide today.

 

Man 4 is not identified by name, but his subsequent
comments indicate he was with the Appraisal District.  For example: 
A[W]e have not attempted to tax the oil in the pipelines
because of the difficulties over situs.@